# Kleine v. Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Passenger—Jolt of car—Evidence —Damages—Unmarried woman—Earning power—Inability to perform household duties—Case for jury.*

1. Where an issue involves the rate of speed of a street car, mere statements that the car was running fast, pretty fast, awful fast, or similar language, are insufficient to establish negligence; but a jolt caused by the abrupt stopping of a car is sufficiently described by the use of general terms followed by evidence of the general effect of the jar on the passengers. The severity of the jolt and its effect are questions for the jury.

2. A woman's inability to perform household duties at her home, as the result of an accident, is an element of damage in an action for personal injuries.

3. In an action by a passenger against a street railway company to recover damages for personal injuries, the case is for the jury and a verdict and judgment for the plaintiff will be sustained

where it appears that the car in which she was riding was of the type having seats the entire width and running boards along the side; that at the time of the accident the car was crowded and plaintiff was standing between the seats and supporting herself by holding onto the upright at the end of the seat in front of her; that, according to plaintiff, when the crossing was reached at which she had told the conductor to stop, the car was going "awful fast," gave "an awful jerk" in making the stop, and threw her out into the street; and where another passenger testified that the jerk was so severe that a child she was carrying was almost thrown out of her arms, and further "it was an unusually severe jerk...... it was hard enough to throw anybody else out of the street car."

3. In such case where plaintiff, who was an unmarried woman, testified that she did housework by the day for various persons regularly for three days each week at a stated sum per day, and during the rest of the week worked a portion of the time when able to obtain employment, but a greater part of such time remained at home and assisted her mother who was physically unable to attend to all her household duties, the court did not err in refusing to charge that the amount recoverable must be limited to loss of earnings for three days of each week.

Argued Oct. 25, 1915.  Appeal, No. 155, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 185, on verdict for plaintiff, in case of Elizabeth Kleine v. Pittsburgh Railways Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,160.00 and judgment thereon.  Defendant appealed.

Errors assigned, among others, were the charge of the court and in refusing defendant's motion for judgment n. o. v.

Walter M. Lindsay, with him Clarence Burleigh and William A. Challener, for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

Plaintiff, an unmarried woman, on September 28, 1912, entered an open summer street car operated by defendant in the City of Pittsburgh. The car was of the usual type, having seats extending the entire width and running boards along each side to permit passengers to conveniently enter and leave. The car at the time was crowded and plaintiff was obliged to stand between the seats and in doing so supported herself by holding to the upright at the end of the seat in front of where she stood. On paying fare she requested the conductor to stop the car at Superior and California avenues. When that crossing was reached plaintiff testified the car in stopping gave a sudden jerk, which threw her to the street, resulting in her serious injury. A verdict was returned for plaintiff and the court having subsequently overruled a motion for judgment for defendant non obstante veredicto this appeal followed. Defendant's first contention is the evidence was insufficient to take the case to the jury. Plaintiff testified the car gave "an awful jerk and threw her out on to the street." On cross-examination she said the car was going "awful fast" and the jerk occurred in making the stop and was sufficiently violent to throw her beyond the running board into the street. The only other witness in plaintiff's behalf as to the happening of the accident said she occupied a seat near where plaintiff stood, that the sudden jolt threw plaintiff from the car and also pitched the witness toward the front of the car and that the jerk was so severe a child she was holding was almost thrown out of her arms. On cross-examination she said "It was an unusually severe jerk. You know sometimes when they go to stop they will give a little quick jerk but that was a hard jerk. It was hard enough to throw anybody else out of the street car."

Defendant contends this description of the manner in which the car stopped was too vague and indefinite to warrant submission of the case to the jury or to indicate the jerk or jolt was different from the usual motion of the car in stopping. Admitting the burden was on plaintiff to show the operation of the car was so unusual as to warrant the inference of negligence, plaintiff fully met this legal requirement if the jury believed her testimony, and that of her witness. We fail to see how mere descriptive words could more clearly define the extraordinary character of a jolt or jar resulting from a sudden or improper stopping of a car. Where the issue includes the rate of speed, mere statements that the car was running fast, pretty fast, awful fast, or similar language, may well be held insufficient: Yingst v. Lebanon & Annville St. Ry. Co., 167 Pa. 438, as speed is susceptible of more accurate description than by such general terms. On the other hand, a jolt caused by the abrupt stopping of a car cannot be more specifically described than by the use of general terms followed by evidence of the general effect of the jar on the passengers. The jury is entitled to judge of the severity of the jolt or jerk by the effect which followed and thus give to the general descriptive language its proper interpretation and effect. The account of the jar given by plaintiff coupled with her testimony as to the effect on her, together with the evidence of her witness was sufficient to warrant submission of the case to the jury. This was done by the trial judge in a charge which safeguarded defendant's rights and of which it makes no complaint. While it is true the testimony of plaintiff and her witness was contradicted by a number of witnesses for defendant, the question of credibility was properly for the jury.

The only other question raised refers to the admission of evidence of earnings of plaintiff over and above certain fixed weekly employment testified to by her. She did general housework by the day for various persons

regularly for three days each week at a stated sum per day. During other days of the week she worked a portion of the time when able to obtain employment; a greater part of that time however she was obliged to remain at home to assist her mother, who was physically unable to attend to all her household duties. Defendant requested instruction, to the effect that, if plaintiff was entitled to a verdict, recovery must be limited to loss of earnings for three days of each week. This request was refused by the trial judge, who called the jury's attention to the fact that on other days in the week, when plaintiff was not engaged by her regular employers, she either assisted her mother or worked for other persons when able to obtain employment. He further charged unless the jury could ascertain from the evidence that the loss of earnings was greater than the three days a week, the loss of earnings must be determined upon that basis. In this there was no error. The evidence as to the compensation received by plaintiff when employed is clear and positive, the only question being the number of days per week she had employment. While plaintiff admitted her inability to obtain work every day of each week, the testimony shows she worked part of the remaining three days in the week when employment could be obtained, but that during a greater portion of the time she was obliged to remain at home and upon those days assisted her mother in her housework. The performing of household duties by a woman at her home is certainly an element of damage in view of the fact that her inability to perform such work would, in the natural course, result in the necessity of employing another person for that purpose. To say plaintiff was not entitled to compensation for loss of earning capacity for such services would be to hold that a woman who is not regularly employed but who attends merely to household duties is in no case entitled to recover for such loss. That is not the law.

The assignments of error are overruled and judgment affirmed.