**Mrs. Alma PATTERSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 62-765.**

United States District Court
W. D. Pennsylvania.
July 24, 1963.

---

7. This Court, of course, takes a dim view, after the hearing in this case, of the allegation of emotional distress.

Carl A. Belin, Clearfield, Pa., for plaintiff.

David Hill, Asst. U. S. Atty., for the United States.

GOURLEY, Chief Judge.

This is an action brought under the Federal Tort Claims Act against the United States, by virtue of the Act of June 25, 1948, Chapter 646, 62 Statutes 933, as amended 28 U.S.C.A. § 1346 (b), as amended and contained in supplements thereto—which allegation has been admitted by the defendant.

It is not in dispute that on the 19th day of April, 1961, between the hours of 1:00 p. m. and 3:00 p. m., Mrs. Alma Patterson left her home with her husband and drove to the United States Post Office located on the corner of Second Street and Pine Street in the Borough of Clearfield, Clearfield County, Pennsylvania. This is the center of the business district of said Borough. She went into the Post Office and picked up her mail which she received through Post Office Box 355, and thereupon she left the Post Office Building and went down the steps of the Post Office Building on the entrance walk and was proceeding along the entrance walk to the sidewalk when she fell. Plaintiff visited the Post Office in Clearfield, Clearfield County, Pennsylvania, on an average of three times per week for at least five years before the time of the accident.

In the area of the entranceway of the Post Office, the sidewalk near the curbline on the Post Office Property sunk, creating a depression for a distance of about 3½ feet and varied in depth for a distance of approximately ¼ inch at one end to 1½ inches in depth at the other end of the depression.

It had been raining during the day and, although the rain had ceased to fall when the accident occurred, water accumulated in this area which made it impractical for the plaintiff to observe the depression when walking in the direction of her automobile which was parked at a point that could be considered immediately in front of the entranceway to the Post Office.

I am satisfied, after a most careful and considered meticulous review of the evidence and all inferences that could be reasonably deduced therefrom, that the defendant was guilty of negligence in the maintenance of the sidewalk, and that the plaintiff was free of contributory negligence.

## DISCUSSION

The law is settled in Pennsylvania that what constitutes a defect sufficient to render a property owner liable

must be determined in the light of the circumstances of each particular case, and no definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression which is necessary to make an owner of premises negligent in permitting this continued existence. Breskin, Appellant, v. 535 Fifth Avenue, 381 Pa. 461, 463, 464, 113 A.2d 316 (1955).

Since, in this proceeding, the United States of America had knowledge of said depression, a contract having been made to correct the condition of the sidewalk, but later rescinded prior to the accident, the property owner had knowledge of said condition, and where there is a depression in the sidewalk and rainwater is permitted to collect, a condition existed which would relieve the plaintiff from contributory negligence since in this case the plaintiff did not have previous occasion to walk in the particular area where the depression existed and, due to the collection of rainwater, although the plaintiff was observing the sidewalk, the condition could not have been seen through the application of the care and caution which was being exercised.

Under the law of Pennsylvania, the law does not require a pedestrian, pursuing his care-filled way, to keep his eyes glued to the pavement over which the person walks as if the person were looking for lost gold pieces. O'Toole v. Dunmore Borough, 404 Pa. 479, 484, 172 A.2d 818 (1961). Furthermore, even if the plaintiff had been aware of the defective condition of the sidewalk, this knowledge does not, as a matter of law, prevent recovery on the ground of contributory negligence. O'Toole v. Dunmore Borough, Supra. However, I am satisfied in this proceeding that the plaintiff did not have previous knowledge of the depression as it existed since she had not had other occasions to walk, in entering or leaving the Post Office, in the area where the accident occurred.

## DAMAGES

In connection with the expenses incurred as a result of the accident, for medical and hospital attention, although the plaintiff was residing with her husband at the time of the accident, he did not join in the proceeding. However, the husband was approximately 13 years older than the plaintiff wife, was not in the best of health, received a pension as a World War I veteran and, unquestionably, the plaintiff was the head of the household in all respects.

■ Under the law of Pennsylvania, where a married woman brings an action to recover damages for personal injuries sustained by her, and her husband does not join in the action, she may, since the Act of May 8, 1895, P.L. 54, 12 P.S. § 1621 et seq., recover as damages necessary expenses resulting from her injuries which she paid or contracted to pay. Fulcomer v. Pennsylvania Railroad Company, 141 Pa.Super. 264, 14 A.2d 593 (1940).

I conclude in this proceeding that the medical and hospital expenses were incurred by this plaintiff and the circumstances were such that the obligation was personal to the wife.

The plaintiff is entitled to recover in this proceeding the hospital and medical expenses, and for pain, suffering and inconvenience, past, present and future. I find no basis to award damages to the plaintiff for impairment of earning power or loss of wages since she had not pursued gainful employment for several years prior to the accident and had no intention of returning to employment since she was looking after her husband and was maintaining her grandchildren. Her first responsibility, unquestionably, was to her husband during the late years of his life when he was not in good physical condition, and as a result of what has been stated, I can find no reasonable basis to conclude a recovery should be permitted for loss of wages from the time of the injury on April 19, 1961, to the date of trial, nor a basis for recovery for impairment of earning power in the future.

■ Judgment will be entered in favor of the plaintiff, Mrs. Alma Patterson, and against the defendant, United States of America, in the amount of $4,286.50.