Kukich, Appellant, *v.* Serbian Eastern Orthodox Church of Pittsburgh.

Argued April 27, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry Alan Sherman,* for appellants.

*Robert Rade Stone,* with him *George Raynovich, Jr.,* for appellees.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

In this action in equity, the chancellor entered a compulsory nonsuit. No motion to remove or set aside the judgment was entered below, but instead an appeal was filed directly to this Court. The appeal was prematurely taken and must be quashed.

An appeal does not lie from the entry of a judgment of nonsuit but rather from the refusal to take it off:

*Nazareth F. & M. Co. v. Marshall,* 257 Pa. 489, 101 A. 848 (1917); *McDonald v. Babcock,* 269 Pa. 68, 112 A. 29 (1920). This applies to actions at law as well as in equity. See, Pa. R. C. P. Rule 1512. Under the Act of March 11, 1875, P. L. 6, §1, 12 P.S. §645, which is still extant, it is required that a motion to set aside the judgment of nonsuit be first made to the court en banc to give the court an opportunity to reconsider the evidence before the case is removed to the appellate court. The writ of error lies *only* to the refusal of the court to set aside: *Haverly v. Mercur,* 78 Pa. 257 (1875); *Bausbach v. Reiff,* 237 Pa. 482, 85 A. 762 (1912); *Nazareth F. & M. Co. v. Marshall,* supra; *Dellacasse v. Floyd,* 332 Pa. 218, 2 A. 2d 860 (1938).

Plaintiffs-appellant maintain that the authority to enter a compulsory nonsuit is strictly statutory and that the chancellor lacked the power to enter such a judgment, after having heard evidence of the defendants. See *Jordan v. Sun Life Assur. Co. of Canada,* 366 Pa. 495, 77 A. 2d 631 (1951). Assuming the situation thus advanced is factually correct, it would in no manner affect plaintiffs-appellant's obligation to pursue statutorily required procedure in attacking the judgment, or correct the error in prematurely filing this appeal.

A close examination of the record discloses additional fallacy in the above contention. When plaintiffs-appellant's case was finished except for the testimony of a vital witness who was out of the state and unavailable, the court continued the hearing and fixed a subsequent date for the accommodation of this witness. After three such dates for hearing had been scheduled, and two months had passed without this testimony being available, the chancellor in the interests of expediency directed that the defendants proceed without prejudice and reserving the right to apply for a compulsory nonsuit, when the plaintiffs-appellant's testi-

mony was in fact completed. To this, all counsel agreed. It was after the plaintiffs had completed their case in chief that the judgment was entered without consideration being given to the evidence of the defendants. Under such circumstances, the chancellor clearly had the power to enter the compulsory nonsuit.

Appeal quashed. Costs on the appellants.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:
I dissent.

The Act of March 11, 1875, P. L. 6, §1, 12 PS §645, provides: "Whenever the defendant, upon the trial of a cause in any court of common pleas of this commonwealth, shall offer no evidence, it *shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered,* if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, *with leave, nevertheless,*\* to move the court in banc to set aside *such judgment of nonsuit;* and in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record by writ of error into the supreme court for revision and review, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence."

So far as the Court in banc is concerned, the Act is clearly permissive; it provides only for the situation in which the plaintiff in his sole discretion, files a motion with the Court in banc to set aside a judgment of nonsuit. The statute does not cover, nor does it purport to cover, a situation in which a judgment of nonsuit is entered by the presiding Judge and an appeal from *that* judgment is taken directly to this Court. Certainly it is a better and wiser practice to move the Court in banc to set aside the judgment of nonsuit. However, recent cases recognize that a plaintiff may

---

\* Italics throughout, ours.

appeal from the entry of a judgment of nonsuit. For example, in *Schneider v. Sheldon,* 380 Pa. 360, 110 A. 2d 226, former Chief Justice JONES said: "The plaintiffs appeal from a judgment of compulsory nonsuit entered in a trespass action . . . ."

It is clear that the losing party (a) may appeal directly from the judgment of compulsory nonsuit entered by the presiding trial Judge, or (b) may appeal the refusal of the Court in banc to set aside a compulsory nonsuit. Since this statute is clearly discretionary so far as the Court in banc is concerned, a direct appeal from the trial Judge's entry of judgment of compulsory nonsuit is undoubtedly permissible. For this reason I must dissent from the Order to quash.