## Link et ux., Appellants, *v.* Highway Express Lines, Inc.

448

Argued April 27, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Pomeroy and Barbieri, JJ.

reargument refused November 22, 1971.

*Arnold M. Snyder,* with him *Snyder and Snyder,* for appellants.

*Stephen J. McEwen, Jr.,* with him *Joseph P. Mylotte,* and *McEwen, McEwen and Mylotte,* for appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

Appellants, Frank Link and his wife Frances Link, brought a trespass action in the Court of Common Pleas of Delaware County against appellees, Highway Express Lines, Inc. (Express) and Joseph A. Fahy. Express and Fahy joined Frank Link as an additional defendant. At the conclusion of the trial, the jury rendered a verdict in the amount of $18,000.00 in favor of Frances Link against the original and additional defendants. The jury also returned a verdict against Frank Link as plaintiff and in favor of the two original defendants, Express and Fahy. Frank and Frances Link, in their capacity as plaintiffs, filed motions for a new trial which were denied. Neither Express, Fahy, nor Frank Link as additional defendant filed any post-trial motions. From the judgment entered following a denial of post-trial motions, Frank and Frances Link have taken this appeal.

The facts of the case are not in dispute on this appeal. On May 13, 1966, at an intersection in the City of Chester, an automobile owned and operated by Frank Link collided with a tractor-trailer owned by Express and operated by Fahy. Mrs. Link was a passenger in the car with her husband. The collision occurred as Fahy executed a left-hand turn into the path of the Links' automobile. As a result of the accident, Frances Link sustained personal injuries.

Appellants raise five contentions on appeal: (1) The verdict was inadequate; (2) the trial judge erred in refusing to charge that failure to see that which is obvious is negligence per se; (3) the trial judge erred in answering a question to him from the jury during its deliberations; (4) the trial judge erred in his refusing to instruct the jury on Frank Link's loss of consortium as an element of the damages collectable by him; (5) the trial judge erred in refusing to include in the charge an instruction that Frances Link was entitled to compensation for her inability to perform household duties. We find these alleged errors to be devoid of merit and therefore affirm.

(1) Appellants contend that the amount awarded by the jury to Mrs. Link was legally inadequate because of the evidence indicating that she had by the date of trial lost $5,122.32 in wages, largely due to her hospitalization, and suffered diminished earning power of $41,932.70 because her injuries made it impossible for her to continue in her job as a sewing machine operator. Our review of the record, however, indicates that appellants' case on the issue of diminished earning capacity was something less than ironclad. As a result of the accident, Mrs. Link suffered a dislocated hip, fracture of the pelvis, fracture of the left wrist, and abrasions about her face. Although Mrs. Link's physician testified that her injuries prevented her from con-

tinuing in her job as a sewing machine operator, he also testified that Mrs. Link could be employed in a job "tailored to her capabilities." This testimony conflicts with the asserted loss of $41,932.70, which was computed by multiplying her wage as a sewing machine operator by the time remaining between her allegedly involuntary retirement and mandatory retirement at age 65. Furthermore, the jury could have found that Mrs. Link's assertedly involuntary retirement two years after the accident to be at odds with her working on the job for much of this two year period.

The determination of damages is a matter within the sound discretion of the finder of fact—in this case the jury. We do not think that it was a gross abuse of discretion for the lower court to refuse appellants' motions for a new trial on the grounds of the inadequacy of the verdict. See *Wilson v. Nelson,* 437 Pa. 254, 256, 258 A. 2d 657 (1969), and cases cited therein. We are not persuaded that the evidence "commands" a higher verdict. Cf. *Bedillion v. Frazee,* 408 Pa. 281, 285, 183 A. 2d 341 (1962).

(2) Appellants next contend that the trial court erred in refusing to charge that if the defendant did not see the plaintiff he must be held to have committed negligence per se. We need not meet this issue on the merits because the requested point for charge was somewhat argumentative, was merely a rephrasing of what had already been included in the charge, and appellants agreed at trial to the deletion of the point.

(3) The contention that it was error for the trial judge to reply to a note sent to him by the jury must also fail. The jury's question was: "If both parties are equally negligent, who pays for the loss of Mrs. Link?" The judge's answer was: "Assuming that you mean if both drivers are negligent, then Mrs. Link would be entitled to a verdict against Joseph A. Fahy, Highway

Express Lines, Inc. and Frank Link." We find that the judge's action was not erroneous. The judge correctly answered the question based on his assumption of the meaning of the question. However, even if the judge's action were incorrect, appellants cannot be heard to complain because they tacitly agreed to the judge's answer before he submitted it to the jury. See *Heppe Estate,* 440 Pa. 328, 269 A. 2d 687 (1970).

(4) Appellants also argue that the trial judge's failure to charge, as requested, that Frank Link could recover for the loss of consortium constituted reversible error. The judge's failure to so charge was apparently based on his reading of a newspaper article indicating that our Court had abolished consortium. This account was inaccurate because our decision, by an equally divided Court in *Brown v. Philadelphia Transportation Co.,* 437 Pa. 348, 263 A. 2d 423 (1970), reaffirmed our prior case law that a husband can recover for loss of consortium. This asserted error, however, is harmless as the jury found that Frank Link was contributorily negligent, thus barring any recovery on his part, Mr. Link not having contested this finding on appeal.

(5) Finally, appellants contend that it was error for the trial judge to fail to charge, as requested, that Mrs. Link's purported inability to perform household duties was "an element of damage for personal injuries." Appellants rely on *Kleine v. Pittsburgh Railway Co.,* 252 Pa. 214, 97 A. 395 (1916) as authority for their proffered point for charge. In that case we said: "The performing of household duties by a woman at her home is certainly an element of damage in view of the fact that her inability to perform such work would, in the natural course, result in the necessity of employing another for that purpose."

The question before us, however, is not whether payments for services which before the accident were per-

formed by the injured person are compensable—they clearly are. See, e.g., *McGonnell v. Pittsburgh Railways Co.*, 234 Pa. 396, 83 A. 282 (1912). The question is rather which of the spouses can recover such damages. *Kleine* is of no help to appellants on this issue because the plaintiff there was an unmarried woman who presumably provided for herself. In our case, of course, Mrs. Link was married. A spouse has a cause of action in a negligence case for those expenses for which he or she would be liable. The husband is primarily liable for the expenses of the wife and remains so unless the wife pays or contracts to pay for a specific service. See *Fulcomer v. Pennsylvania Railroad Co.*, 141 Pa. Superior Ct. 264, 270, 14 A. 2d 593 (1940) ; *Patterson v. United States*, 218 F. Supp. 902 (W.D. Pa. 1963) ; 41 C.J.S. Husband and Wife §401(c) (2). Absent such payment or agreement to pay, the wife can recover only for earnings lost from labor or business carried on "in her own right and not as wife." *Standen v. Pennsylvania Railroad Co.*, 214 Pa. 189, 199, 63 A. 467 (1906).

There is no indication in the record that Mrs. Link paid or agreed to pay for anyone to perform her household duties. Thus, there was no error in the trial court's refusal to include the requested instruction because Mrs. Link was not entitled to recover such damages.[*]

Judgment affirmed.

Mr. Justice EAGEN dissents.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

[*] Although appellants on appeal argued that these expenses should have been included in *Frances Link's* recovery, it should also be noted that they could not have succeeded with the argument that the damages were rightfully a part of *Frank Link's* recovery because of his being barred from collecting anything by the jury's finding that he was contributorily negligent.