467 A.2d 391

**Mary Jane CONTE and Marion Conte, Her Husband, Appellants,**

v.

**BARNETT'S BOOTERY, INC.**

Superior Court of Pennsylvania.

Argued June 7, 1983.

Filed Oct. 28, 1983.

Raymond Radakovich, Pittsburgh, for appellants.

Louis Long, Pittsburgh, for appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

Following the presentation of appellants' case in chief in the Court of Common Pleas of Beaver County, Pennsylva-

nia, appellee's motion for a compulsory nonsuit was granted. Ten days following the entry of the nonsuit, appellants filed a motion to remove the nonsuit. Said motion was not briefed, argued, or ruled upon in the lower court; instead, appellee reduced the nonsuit order to judgment, and appellants filed this appeal.

Appellee moved to quash the appeal for appellants' failure to file a timely motion to remove the nonsuit in the trial court prior to taking an appeal. Appellee's motion was denied by this Court in its Order dated August 3, 1981, without prejudice to the parties to argue the issue of waiver along with the merits on appeal.

Appellants, Mary Jane Conte and Marion Conte, her husband, filed a Complaint in Trespass against appellee, Barnett's Booterie, Inc., for injuries which Mrs. Conte sustained as a result of falling down a flight of stairs inside appellee's bootery in Rochester, Beaver County, Pennsylvania. Mrs. Conte allegedly slipped on ice cream situate on the first or top step. The lower court entered the compulsory nonsuit due to its opinion that appellants presented no evidence as to how the ice cream was placed on the steps and whether it had been there long enough to impute knowledge thereof to appellee.

We must first determine whether the mere entry of a compulsory nonsuit is a final appealable order. As alluded to above, appellants' motion to take off the nonsuit, though filed, was never ruled upon by the lower court. This appeal was taken following appellee's reducing the order to judgment.

Pennsylvania Rule of Civil Procedure 224 authorizes a trial court to enter a nonsuit for the plaintiff's failure to plead and prove a prima facie case. The order entering a nonsuit is not a final appealable order triggering the exclusive appellate jurisdiction of the Superior Court under Act of July 31, 1970, P.L. 673, Art. III, § 302, 17 P.S. § 211.302. The right to appeal does not exist until a motion

to have a nonsuit taken off is first filed with and denied by the trial court. *Miller v. Hurst,* 302 Pa.Super. 235, 448 A.2d 614 (1982); *Kukich v. Serbian Eastern Orthodox Church,* 415 Pa. 28, 202 A.2d 77 (1964); *Dellacasse v. Floyd,* 332 Pa. 218, 2 A.2d 860 (1938). Under the circumstances here, a final order terminating appellants' procedural rights was not entered below; therefore, we have no jurisdiction to entertain this appeal.

Appellee argues that this case should not be remanded for the purpose of providing the lower court with an opportunity to consider appellants' motion to take off the nonsuit. Appellee maintains that appellants waived their right to move for removal, and to file an appeal from any denial thereof, due to a failure to proceed according to the Beaver County Rules of Civil Procedure. Local Rule 13.31 requires the filing of a motion to take off a nonsuit within *seven* days of the entry of the nonsuit. Local Rule 13.20 further requires that such motion be filed in *open court.* It is not disputed that appellants filed their motion with the *Prothonotary* of Beaver County *ten* days following entry of the nonsuit order; therefore, Local Rules 13.31 and 13.20 were violated.

Courts of Common Pleas have the power to prescribe their own sets of procedural rules "as the interest of justice or the business of the court may require." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 323. Occasionally, the rules adopted by the local courts conflict with those adopted by the Pennsylvania Supreme Court. That is true in the instant case. Pennsylvania Rule of Civil Procedure 227.1 provides that all post-trial motions, including a motion for removal of a nonsuit, shall be filed within ten days following entry of the order for nonsuit.

In *Acri v. Wintermeyer,* 285 Pa.Super. 486, 428 A.2d 150 (1981), a local rule provided for the filing of an appeal from an award of a Board of Arbitrators within twenty days following notice of the filing of the Arbitrators' report with the Prothonotary. Conversely, the provisions of 42 Pa.C.S.A. § 5571(b) required the filing of an appeal from a final order within thirty days following the

entry of said order. The *Acri* court recognized the power of local courts to promulgate their own rules; however, it held that such power was not without limitation. Such local rules are invalid to the extent they conflict with Pennsylvania Supreme Court rules. As a result, Beaver County Rule 13.31 is invalid to the extent it requires the filing of a motion to remove nonsuit within seven days of the entry of nonsuit. The ten-day period provided in Pa.R.C.P. 227.1 controls. Appellant complied with this rule by filing his motion to remove the nonsuit on the tenth and final day; therefore, he did not waive his right to appeal on those grounds.

It is appellee's contention, however, that appellants also waived their right to appeal due to their failure to file the motion in open court which prevented the trial court's knowledge of said motion and left it free to enter judgment.

■ Although appellants did not strictly comply with Beaver County Rule 13.20 insofar as they failed to present their motion in open court, we will not quash their appeal on that ground alone. Appellants substantially complied with Rule 13.20 by timely filing their motion with the Prothonotary.

Case remanded for a hearing on appellants' motion to take off the compulsory nonsuit. Jurisdiction relinquished.

SPAETH, J., concurred in the result.