## Natalie Brothers Towing Service Inc. v. Murray Ford Inc.

*James N. Bryant*, for plaintiff.

*Anthony S. Guido*, for defendant Murray Ford, Inc.

*O. Brooks Smith*, for defendant Ford Motor Company, Inc.

REILLY, *P.J.*, October 18, 1984—On April 21, 1978, defendant Murray Ford, Inc., sold a new 1978 Ford LT9000 tractor to plaintiff Natalie Brothers Towing Service for the purchase price of $41,350. It

is alleged that the truck contained numerous defects which were not repaired by defendants and thus led plaintiff to return the truck some `14 months later demanding a refund. Defendant refused the refund and plaintiff entered the above suit. This case went to trial before a jury on April 23, 1984. Following the presentation of plaintiff's case in chief, defendants' motion for an involuntary nonsuit was granted by this court. Seven days after the entry of the nonsuit, plaintiff filed this appeal to the Superior Court.

This court entered the involuntary nonsuit on the basis that plaintiff had presented no evidence to support a finding of damages per the proper measure as set forth by statute. While this memorandum will discuss the basis of this opinion in more detail, it would seem necessary to first address the appealability of an entry of an involuntary nonsuit. The resolution of this issue should in fact be determinative of the present appeal.

Following the entry of the nonsuit, plaintiff made no motion to remove the nonsuit but proceeded to appeal the nonsuit itself to the Superior Court. This procedure was recently addressed by the Superior Court in Conte v. Barnett's Bootery, Inc., 320 Pa. Super. 412, 413, 467 A.2d 391, 392 (1983).

"[1,2] Pennsylvania Rule of Civil Procedure 224 authorizes a trial court to enter a nonsuit for the plaintiff's failure to plead and prove a prima facie case. The order entering a nonsuit is not a final appealable order triggering the exclusive appellate jurisdiction of the Superior Court under Act of July 31, 1970, P.L. 673, Art. III, §302, 17 P.S. §211.302. The right to appeal does not exist until a motion to have a nonsuit taken off is first filed with and denied by the trial court. Miller v. Hurst, 302 Pa. Super. 235, 448 A.2d 614 (1982); Kukich v. Serbian East-

ern Orthodox Church, 415 Pa. 28, 202 A.2d 77 (1964); Dellacasse v. Floyd, 332 Pa. 218, 2 A.2d 860 (1938).

Under the facts of the present case, a final order terminating plaintiff's procedural rights was not entered below; therefore, it would seem that the Superior Court is without jurisidction to entertain this appeal.

Plaintiff brought this suit to recover damages resulting from defendants' alleged breach of warranty as to the truck they purchased and accepted. Under 13 Pa.C.S. §2714, entitled "Damages of buyer for breach in regard to accepted goods," sub-section (b) states:

"(b) Measure of damages for breach of warranty. — The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

Unfortunately, plaintiff presented no evidence to support this measure of damages. The purchase price of the new truck was presented at trial. However, while this is prima facie the value of the truck, it is not the relevant factor; the value the truck would have had if it had been as warranted is crucial. K & C, Inc. v. Westinghouse Electric Corp., 437 Pa. 303, 310, 263 A.2d 390, 394 (1970). Further, even if the original purchase price could have been used to represent the value of the truck as warranted, damages had still not been shown as plaintiff presented no evidence demonstrating the value of the truck as accepted. This value also is essential to determine the proper measure of damages in this case.

Section 2714(b) is concerned with the value of the "goods damages" and not with incidental (section 2715(a)) or consequential damages (section 2715(b)). R. I. Lampus Co. v. Neville Cement Prod-

ucts Corp., 474 Pa. 199, 206, 378 A.2d 288, 291 (1977). Under section 2714(b), the only way to show proximate *goods damages* of a different amount than as described above is to show some *special circumstances*. This court is fully satisfied that no special circumstances exist in this case with regard to the claims made by plaintiff. The facts in this case would seem to show a classic situation where the goods failed to live up to the warranties allegedly made.

Plaintiff secured a loan for the purchase price of this truck through General Electric Credit Corporation (G.E. Credit) and executed a chattel mortgage for such on the truck purchased. Plaintiff argued that it should be able to recover the amount of the installment payments they had made on this loan. Obviously, a large portion of these installment payments was payment on the principal of the loan and, as such, would not be recoverable as it represents the price paid for the truck and thus is that amount considered in determining the "goods damages" under §2714(b); nor could it possibly be considered a second time as incidental or consequential damages. Furthermore, the payment on principal bears no relationship to any damage suffered by plaintiff as it is totally dependent on such variables as the length of the loan period and the size of the down payment made — either by cash or trade-in. While the interest portion of these installment payments may have been recoverable by plaintiff under 13 Pa.C.S. §2715(a), no evidence was presented upon which the jury could have determined just what portion of the payments made were attributable to interest. The chattel mortgage was offered which revealed the total finance charge over the entire four years of the loan but no further means of breaking it down was shown — either by documents or

testimony. The jury cannot award damages based on mere conjecture, but rather there must be presented sufficient data from which the damages can be assessed with reasonable certainty.

"Plaintiff has the duty and burden to establish by proper testimony the damages which he claims to have sustained, and if he fails to meet this burden, the question of damages cannot be submitted to the jury. Link v. Highway Express Lines, Inc., 444 Pa. 447, 282 A.2d 727 (1971). The amount and items of pecuniary damage cannot be presumed but must be proved by the establishment of facts. Maxwell v. Schaefer, 381 Pa. 13, 112 A.2d 69 (1955); Certified Laboratories of Texas, Inc. v. Rubinson, 303 F. Supp. 1014 (E.D., Pa. 1969). It is the burden of plaintiff to establish by evidence such facts as will furnish a basis for the legal assessment of damages according to some definite and legal rule. Magar v. Lifetime, Inc., 187 Pa. Super. 143, 144 A.2d 747 (1958). Gordon v. Trovato, 234 Pa. Super. 279, 282, 338 A.2d 653, 654 (1975).

Plaintiff also attempted to claim as damages an amount which it was required to pay to G.E. Credit as a result of a deficiency on their loan. When G.E. Credit took over possession of the truck they had it repaired and of course resold it in an obvious effort to recoup their funds. Unfortunately the amount which G.E. Credit was able to get for the truck on resale fell short of the amount still owed by plaintiff on the loan. G.E. Credit sought and received from plaintiff this deficiency in the amount of $11,000. This amount appears to simply represent the depreciation in value of the truck during the 14 months plaintiff owned it. Plaintiff offered no evidence showing otherwise. Further, this amount is also dependent on the term of the loan and the amount financed and thus bears no relationship to the·value

of the vehicle or any damage that plaintiff may have suffered.

This court is well aware that a nonsuit is a very drastic procedure, as it brings a lawsuit to an abrupt termination and prevents a case from going before a fact-finding body. But it is a very necessary measure in the courts because, where the evidence presented by plaintiff, even if accepted as true, fails to establish a prima facie case, it would be a sheer waste of time to allow a trial to go to verdict which must later be reversed. Unfortunately, in this case it is clear that plaintiff has offered no evidence to support a proper measure of damages which the jury could award.