556 A.2d 547

Robert and Marie Crawford, Appellants *v.* Commonwealth of Pennsylvania and Department of Justice of The Commonwealth of Pennsylvania, Appellees.

Argued March 9, 1989, before Judges BARRY and PALLADINO (P.), and Senior Judge NARICK, sitting as a panel of three.·

*Warren L. Soffian,* with him, *Jerold Allen, Master, Donsky, Soffian & Allen,* for appellants.

*William C. McGovern,* with him, *David C. Shelton, Mylotte, David & Fitzpatrick,* for appellees.

OPINION BY SENIOR JUDGE NARICK, April 12, 1989:

Robert and Marie Crawford (Appellants) have appealed from an order of the common pleas court of Philadelphia County granting the Commonwealth of Pennsylvania's and the Commonwealth of Pennsylvania, Department of Justice's (Appellees') motion for nonsuit at the close of Appellants' case at trial. Because we have determined that Appellants' appeal was prematurely taken and must be quashed,[1] we need not address its merits.

Our Supreme Court, in *Kukich v. Serbian Eastern Orthodox Church of Pittsburgh,* 415 Pa. 28, 202 A.2d 77 (1964), quashed an appeal from a chancellor's entry of a compulsory nonsuit where the appellant had failed to file a motion to remove or set aside the nonsuit. The Court pertinently stated that: "[a]n appeal does not lie from the

---

[1] We have raised this jurisdictional issue *sua sponte,* which, of course, we may do at any time during the appeals process. *See Chirico v. Board of Supervisors of Newtown Township,* 63 Pa. Commonwealth Ct. 591, 439 A.2d 1281 (1981), *aff'd in part,* 504 Pa. 71, 470 A.2d 470 (1983).

entry of a judgment of nonsuit but rather from the refusal to take it off . . . . This applies to actions at law as well as in equity." *Id.* at 28-29, 202 A.2d at 77 (citations omitted).

Although the statute upon which the Court's decision was based[2] has since been repealed,[3] we have determined that the same result must obtain under our present Rules of Civil Procedure which replaced it.

Pa. R.C.P. No. (Rule) 227.1 provides, in relevant part:

(a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

. . . .

(3) remove a nonsuit . . . .

. . . .

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(c) Post-trial motions shall be filed within ten days after

---

[2] Act of March 11, 1875, P.L. 6, 12 P.S. §645.

[3] 12 P.S. §645 was repealed by Section 2(a) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, *as amended,* 42 P.S. §20002(a). Under Section 1722(a) of the Judicial Code, 42 Pa. C. S. §1722(a), the Supreme Court was given the authority to promulgate rules governing the practice, procedure and conduct of all courts. That section further provided for the suspension of all inconsistent statutes.

. . . .

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

As the official comments to the Rule explain, Rule 227.1 was not intended to alter prior practice:

The Judicial Code and the Judiciary Act Repealer Act (JARA) have repealed Acts of Assembly which formed the basis for the entry of compulsory nonsuits and post-trial practice. The Code and JARA contemplate that the subject matter of the repealed statutes shall be governed by general rules. These amendments to the Rules of Civil Procedure supply the necessary procedure.

Explanatory Comment [to Rule 227.1]—1983.

Subsection (c)(2) of Rule 227.1 was amended in 1985 to insert "nonsuit or" following the word "notice." The official comments explain that the insertion was intended to clarify existing practice:

The amendment of Rule 227.1(c)(2) to provide for the filing of a motion for post-trial relief within ten days after nonsuit in a non-jury or an equity trial clarifies, but does not change, existing practice. Although subdivision (c)(2) did not refer to the filing of a motion for post-trial relief after a nonsuit in those instances, subdivision (a)(3) clearly provides for the court upon a written motion to remove a nonsuit without reference to the nature of the trial. The addition of the reference to a nonsuit in subdivision (c)(2) removes any ambiguity that might arise with respect to the time in which a motion for post-trial relief must be filed following a nonsuit in a non-jury or equity trial.

Explanatory Comment [to Rule 227.1]—1985.

Although this Court has apparently not yet addressed the issue, the Superior Court has applied the *Kukich* language to cases arising after the repeal of 12 P.S. §645. In *Miller v. Hurst*, 302 Pa. Superior Ct. 235, 448 A.2d 614 (1982), that Court sitting *en banc*, quoted 1 Goodrich-Amram §231(b):5, which states: "[t]here is . . . no right to appeal without first moving to take off the nonsuit. The appeal lies only from the action of the court en banc in refusing to remove the nonsuit."[4]

. More recently, in *Conte v. Barnett's Bootery, Inc.*, 320 Pa. Superior Ct. 412, 467 A.2d 391 (1983), the Superior Court addressed the precise question of whether an order entering a nonsuit is a final, appealable order. Relying on both *Kukich* and *Miller*, it held that "[t]he right to appeal does not exist until a motion to have a nonsuit taken off is first filed with and denied by the trial court." *Conte* at 414-15, 467 A.2d at 392. The Court concluded that, in the absence of a final order, it did not have jurisdiction to entertain the appeal.[5]

Based on the above reasoning, we are convinced that this appeal must be quashed because it was not taken from a final order. We therefore do not have jurisdiction to entertain it under 42 Pa. C. S. §762(a).

ORDER

AND NOW, this 12th day of April, 1989, the appeal of Robert and Marie Crawford in the above-captioned matter is hereby quashed.

---

[4] Under Rule 227.2, the trial judge himself is now given the authority to hear and dispose of all post-trial motions unless he orders that they be heard by a court *en banc*.

[5] The Court in *Conte* ultimately remanded the matter to the trial court because the appellants had filed a motion to remove the nonsuit which had not been ruled upon.