J-S04042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ERNEST J. KOEBERLEIN, TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ERNEST J. KOEBERLEIN | : | No. 652 WDA 2015 |

Appeal from the Order Entered January 15, 2015,
in the Court of Common Pleas of Allegheny County,
Orphans' Court at No(s): No. 5314 of 2011

BEFORE:    BOWES, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY: STRASSBURGER, J.:          **FILED FEBRUARY 9, 2016**

Ernest J. Koeberlein (Appellant) appeals *pro se* from the order entered January 15, 2015, which granted a motion for nonsuit against him and in favor of the Ernest J. Koberlein Trust (the Trust).  We quash this appeal.

The relevant factual and procedural history can be summarized as follows.  Appellant is the father of both Ernest J. Koeberlein, III (Ernest) and Dana D. Koeberlein (Dana) (collectively, Trustees).  In 2003, Appellant created a revocable trust (the Trust), the only asset of which was a working farm in Gibsonia, Pennsylvania.  Appellant appointed Ernest and Dana as co-trustees.  Appellant and Dana resided together on the farm, while Ernest lived in California. On April 28, 2005, Appellant executed an amendment to the Trust which changed it from being revocable to being irrevocable.

On August 31, 2011, Appellant, through counsel, filed a petition for the removal of Trustees.  Specifically, he claimed that Dana was misusing the farm in numerous ways.  Notably, Appellant contended that when he brought "a lady friend to the farm," Dana caused "rancor and disagreement."

*Retired Senior Judge assigned to the Superior Court.

Petition, 8/31/2011, at ¶ 12(g). He claims that Dana then "charged [Appellant] with misconduct, had him arrested and removed from the Farm and den[ied] him the right of re-entry." *Id*. at ¶ 12(h). Thus, Appellant claimed that he was left homeless.

The orphans' court issued a rule to show cause, and Trustees filed an answer. In that answer, they stated that Dana was not misusing the farm in any way, that any depletion in assets of the Trust was caused by Appellant, and that the issues with Appellant's "lady friend" arose when she assaulted Appellant with a beer bottle and Dana learned that she had "an extensive criminal record." Answer, 10/20/2011, at ¶ 12(g). The orphans' court scheduled a pre-trial conference and issued an order with a discovery schedule and hearing date.

On January 30, 2012, Appellant filed an amended petition to remove Trustees. Once again, Trustees filed an answer, and the orphans' court scheduled a hearing. A hearing was held on June 12, 2012, and on that day, the orphans' court denied Appellant's petition.

Nothing further happened with this case until April 2, 2014, when Appellant *pro se* filed a petition for, *inter alia*, a rule to show cause why the Trust should not be declared invalid. Trustees filed an answer, and the orphans' court scheduled a conference. After the conference, the orphans'

court issued an order requiring Trustees to file an accounting of Trust activity. Trustees filed a first and partial accounting pursuant to the order.

On October 8, 2014, Appellant filed objections to the accounting. The parties appeared before the orphans' court on October 20, 2014. After the parties were unable to reach a settlement, the orphans' court ordered the parties to file pre-trial statements and scheduled a hearing.

Trustees filed a pre-trial statement in accordance with the orphans' court order. Appellant also filed a pre-trial statement, but did so just two days before the hearing. Appellant's pre-trial statement did not set forth which witnesses he wished to call at the hearing or what evidence he intended to present.

The orphans' court held a hearing on the objections to the accounting on January 14, 2015. At that hearing, there was a dispute about what appeared in Appellant's pre-trial statement and what he wished to litigate at the hearing. Eventually, Appellant was permitted to call Dana to testify. Appellant questioned Dana about the status of the Trust between 2003 and 2011. Dana testified that prior to 2011, Appellant "was in control of the accounting, the taxes" through a power of attorney. N.T., 1/14/2015, at 40, 45. She testified that after 2011, Trustees "obtained all the information." *Id*. Since 2011, all taxes have been paid. Appellant did not call other witnesses and declined the opportunity to testify. At that point, Trustees

moved for a nonsuit. The orphans' court entered an order, which provided the following: "[A]fter review of the objections filed to the First and Partial Accounting, hearing on the objections in open court and upon motion by [Trustees] for nonsuit, [the orphans' court] finds that [Appellant] has not presented sufficient evidence to sustain any of his objections." Order, 1/15/2015. Thus, the orphans' court granted a nonsuit.

Appellant timely filed a notice of appeal from that order, and complied with the orphans' court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Before we reach the issues presented by Appellant, we consider whether this Court has jurisdiction over the order from which Appellant has appealed. *See Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000) ("[S]ince we lack jurisdiction over an unappealable order[,] it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order."). Instantly, Appellant has filed a notice of appeal from an order granting a nonsuit.

> Pennsylvania Rule of Civil Procedure 224 authorizes a trial court to enter a nonsuit for the plaintiff's failure to plead and prove a *prima facie* case. The order entering a nonsuit is not a final appealable order triggering the exclusive appellate jurisdiction of the Superior Court…. The right to appeal does not exist until a motion to have a nonsuit taken off is first filed with and denied by the trial court.

*Conte v. Barnett's Bootery, Inc.*, 467 A.2d 391, 392 (Pa. Super. 1983).

- 4 -

Furthermore, "[t]he orphans' court division may enter a nonsuit under the same circumstances, subject to review in the same manner and with the same effect as in an action at law." 20 Pa.C.S. § 779(a). "[A] nonsuit may be entered against a party where the disposition of the case depends on an issue on which that party has the burden of proof and has failed to satisfy that burden." *Id*. at (c).

Instantly, the hearing held on January 14, 2015 was to permit Appellant to produce evidence as to why the orphans' court should sustain Appellant's objections to the accounting offered by Trustees. Because Appellant did not "present sufficient evidence to sustain his objections," the orphans' court entered a nonsuit. Order, 1/15/2015. As such, Appellant was required under the rules to file a motion to remove the nonsuit before filing a notice of appeal to this Court. Appellant did not do so, and therefore, there is no final order from which an appeal can be taken.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/9/2016