J-A16001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| | : | No. 2443 EDA 2024 |
| v. | : : : | |
| BARITAS, INC. | : : : | |

Appeal from the Judgment Entered November 14, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201200605

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:			**FILED OCTOBER 28, 2025**

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust (Wilmington), appeals[1] from the judgment, entered in the Court of Common

---

[1] A party adversely affected by a compulsory nonsuit has the right to appeal only after that party has filed a motion to remove the compulsory nonsuit and the trial court has denied it.  ***See*** Pa.R.C.P. 230.1.  Here, the trial court entered nonsuit on June 11, 2024.  Wilmington filed a timely motion to remove the nonsuit on June 18, 2024, which the trial court denied.  On July 10, 2024, Wilmington filed its notice of appeal.  On November 14, 2024, Wilmington filed a praecipe to enter judgment, and, on that date, the court entered judgment. Pursuant to Pa.R.A.P. 905(a)(5), this Court will treat the previously-filed notice of appeal "as filed after the entry of judgment and on the day thereof." ***Id.  See Conte v. Barnett's Bootery, Inc.***, 467 A.2d 391, 392 (Pa. Super. 1983) (stating right to appeal following order entering compulsory nonsuit "does not exist until a motion to have the nonsuit taken off is first filed with and denied by the trial court"); ***see also Murphy v. International Druidic Society***, 152 A.3d 286, 290 (Pa. Super. 2016) (same).

Pleas of Philadelphia County, in favor of defendant Baritas, Inc. (Baritas),

following the court's order denying Wilmington's motion to remove nonsuit.

After review, we reverse and remand for trial.

The underlying facts are as follows:

[Wilmington] commenced this foreclosure action by Complaint on December 14, 2020. []  In its Complaint, [Wilmington] averred that [] Baritas[] "executed and delivered a mortgage upon [commercial property located at 6544 Dorel Street, Philadelphia, PA 19142], . . . to Visio Financial Services, Inc."  The mortgage was subsequently assigned to [Wilmington].   [Wilmington] averred that [Baritas] breached the terms of the mortgage agreement by falling to make payments as agreed.  On March 2, 2021, [Baritas] filed an Answer alleging that [it] contacted [Wilmington] under the COVID-19 relief program and requested a forbearance.  [Baritas] averred that to apply for the program, a payment of $2,631 was required.  According to [Baritas'] New Matter, payment was made but no response to the forbearance request was provided. On February 24, 2023, [Wilmington] submitted its pretrial memorandum in accordance with the Case Management Order.  In it, [Wilmington] failed to list any witnesses.  On July 25 2023, [Wilmington] filed a Supplemental Pretrial Memorandum wherein [Wilmington] listed "Any representative of Visio Financial Services, Inc."   On June 10, 2024, trial commenced. [] Only one witness, David Hobson, was offered at trial by [Wilmington]. This witness was not listed in [Wilmington's] pretrial submission. [] Hobson is litigation counsel for BSI Financial Services, [] the loan servicer for [Wilmington]. [Baritas] objected to the testimony of Hobson "as he was not the corporate representative." The objection was sustained. Ultimately, the court rejected Hobson's testimony. [] On June 10, 2024, a Trial Worksheet was prepared **recording entry of a non-suit on the record.**

Trial Court Opinion, 1/15/25, at 1-3 (citations omitted) (emphasis added).

Wilmington filed a motion to remove the nonsuit, which the court denied. Judgment was entered in favor of Baritas. Wilmington filed this appeal, raising the following issues:

1. Did the trial court err in failing to remove a compulsory nonsuit against [Wilmington] and grant a new trial where [] Baritas[] never raised any oral motion and any alleged motion was made sua sponte by the court before [Wilmington] even rested and entered all of its evidence?

2. Did the trial court err in failing to remove a compulsory nonsuit against [Wilmington] and grant a new trial where [Wilmington] had not completed its case-in-chief and could have presented additional testimony?

3. Did the trial court err in failing to remove a compulsory nonsuit against [Wilmington] and grant a new trial where [Wilmington] had already proven its case through production of the original note, certified and self-authenticating copies of the mortgage and assignment of mortgage, and Baritas' admission in its opening statement that it is in default of its mortgage obligation?

4. Did the trial court err in failing to remove a compulsory nonsuit against [Wilmington] and grant a new trial [where the trial court] erred in determining that BSI Financial Services was unable to testify at trial where David Hobson testified that BSI was the custodian of record for this loan, that he was personally familiar with all of the loan documents, and that the loan documents were held by BSI in the ordinary course of business?

Appellant's Brief, at 3-4 (reworded for clarity).

Our standard of review regarding the entry of nonsuit is well settled:

A trial court may enter a compulsory nonsuit on any and all causes of action if, **at the close of the plaintiff's case** against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief. [*See*] Pa.R.C.P. [] 230.1(a), (c). Absent such [a] finding, the trial court shall deny the application for a nonsuit. On appeal, entry of a compulsory nonsuit is affirmed

- 3 -

only if no liability exists based on the relevant facts and circumstances, with appellant receiving the benefit of every reasonable inference and resolving all evidentiary conflicts in [appellant's] favor. The compulsory nonsuit is otherwise properly removed and the matter remanded for a new trial.

*Scampone v. Highland Park Care Ctr.*, 57 A.3d 582, 595–96 (Pa. 2012) (some citations and quotations omitted) (emphasis added). This Court must review the evidence to determine whether the trial court abused its discretion or made an error of law. *Barnes v. Alcoa, Inc.*, 145 A.3d 730, 735 (Pa. Super. 2016).

At trial, during Hobson's testimony, the court stated it was taking a five-minute recess. Upon return, the court stated it would not move forward with the case because "the Plaintiff is not here." *See* N.T. Trial, 6/10/24, at 30. Wilmington had not completed its case-in-chief when the court rejected the competency of Hobson to testify as a witness, as a representative of BSI, the loan servicer for Wilmington. The court stated it was entering a default judgment against Wilmington, terminating the case and precluding Wilmington from completing its case-in-chief. This, despite Hobson testifying that he was authorized to represent Wilmington's interests at trial as an employee of BSI, and as custodian of records for the note and mortgage, and despite testifying that BSI is responsible for all facets of the loan servicing, including collecting mortgage payments, sending notices, and corresponding with Baritas.

Further, Wilmington was precluded from presenting the additional evidence it sought to introduce at trial, which evidence was specifically listed

- 4 -

in its Supplemental Pretrial Memorandum, including the loan documents, Baritas' payment history, the 2017 assignment of mortgage, Wilmington's Complaint in Mortgage Foreclosure, Baritas' Answer to the Complaint, Baritas' Responses to Wilmington's request for admissions, and all documents and exhibits listed in Baritas' pretrial memorandum. *See* Appellant's Supplemental Pretrial Memorandum, 7/25/23. This was error.

In Pennsylvania, ". . . the court, **on oral motion of the defendant**, may enter a nonsuit on any and all causes of action if, **at the close of the plaintiff's case on liability**, the plaintiff has failed to establish a right to relief." Pa.R.C.P. 230.1(a)(1) (emphasis added). Here, the trial court did not enter a nonsuit at trial, but stated it would enter a default judgment against Wilmington. However, no claims were made against Wilmington by Baritas. On June 10, 2024, the court entered the nonsuit order on the record. *See* Trial Worksheet, 6/10/24. Baritas, however, never raised a motion for compulsory nonsuit as required by the Pennsylvania Rules of Civil Procedure. *See* Pa.R.C.P. 230.1(a)(1). Instead, the trial court raised the motion sua sponte and granted same.

A compulsory nonsuit may be entered only on the motion of the defendant at the close of plaintiff's case on liability. *See* Pa.R.C.P. 230(a)(1). Because Baritas raised no motion for compulsory nonsuit and Wilmington was precluded from completing its case on liability, the court erred in entering a nonsuit. Accordingly, we reverse and remand for trial.

Reversed and remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/28/2025</u>