450 A.2d 668

**Tony PANEPINTO, Appellant**

v.

**DUMMY'S DELIGHTFUL SALOONERY.**

Superior Court of Pennsylvania.

Argued June 3, 1982.

Filed Aug. 13, 1982.

Reargument Denied Oct. 6, 1982.

Petition for Allowance of Appeal
Denied Dec. 22, 1982.

Vincent P. Difabio, Philadelphia, for appellant.

Catherine N. Jasons, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

PER CURIAM:

This is an appeal from a Judgment of Nonsuit, entered in the Court of Common Pleas of Philadelphia County.

On October 21, 1977 the appellant, Tony Panepinto, filed a Complaint in Trespass against the appellee, Dummy's Delightful Saloonery, for personal injuries arising from a fall on stairs located inside the appellee, restaurant. A pre-trial conference was held on May 12, 1981, at which time a trial date was set for October 13, 1981 at 9:30 a.m. in courtroom 1206, Five Penn Center Plaza. On the morning of the scheduled trial, an associate of counsel for the appellant informed the trial court that the attorney responsible for the case was handling a criminal matter in New Jersey and would be returning later that morning. A jury panel had been sent over to the courtroom and the appellee's counsel was present and ready to commence trial. The case was then called for trial and at 10:17 a.m. the Honorable Joseph P. Braig granted the appellee's Motion for a Nonsuit and dismissed the case since counsel for appellant was not present.[1] On October 28, 1981 the appellant filed the instant appeal.

No motion to remove or set aside the judgment was entered in the court below, instead an appeal was filed directly to this Court. The appeal was prematurely taken and must be quashed.

[1]. The Motion for a Nonsuit was granted pursuant to Pa.R.C.P. No. 218 which states:

When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

If no party is ready for trial when a case is called, the court shall strike the case from the trial list.

■ An appeal does not lie from the entry of a judgment' of nonsuit, but rather from the refusal to take it off. *In re Estate of Jervis,* 443 Pa. 226, 279 A.2d 151 (1971); *Kukich v. Serbian Eastern Orthodox Church of Pittsburgh,* 415 Pa. 28, 202 A.2d 77 (1964); *Churilla v. Barner,* 269 Pa.Super. 100, 409 A.2d 83 (1979); *Durkin v. Nether Providence Township School Authority,* 291 Pa.Super. 402, 435 A.2d 1288 (1981) (Van der Voort, J., dissenting). This applies to actions at law as well as in equity. *See:* Pa.R.C.P. No. 1512.

■ A motion to set aside the judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and to correct any errors before an appeal is taken. *See: Kukich v. Serbian Eastern Orthodox, etc.,* supra. Since this procedure was not followed by the appellant, the appeal is quashed.

Appeal quashed.