481 A.2d 1193

**George VUCELICH, Appellant,**

**v.**

**TRUSTEES OF the UNIVERSITY OF PENNSYLVANIA.**

Superior Court of Pennsylvania.

Argued April 24, 1984.

Filed Aug. 10, 1984.

Reargument Denied Oct. 15, 1984.

George Vucelich in propria persona.

Thomas L. Leach, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN, and CERCONE, JJ.

PER CURIAM:

This is an appeal from an order dismissing appellant's petition and complaint for failure to comply with an order to obtain new counsel and proceed with the matter. We find it unnecessary to recount the factual development of this case as we must quash the appeal.

Appellant sought equitable relief to prevent the University of Pennsylvania (University) from enforcing disciplinary measures against him. A hearing was set for August 18, 1982. By agreement of the parties, the matter was continued to September 24, 1982. Prior to the scheduled date, appellant discharged his attorney. By order dated September 24, 1982, counsel was granted leave to withdraw and the hearing was continued to October 18, 1982. The order directed appellant to obtain new counsel and indicated that no further continuances would be allowed.

On October 18, 1982 appellant appeared without counsel and sought to have the case discontinued without prejudice. The University requested that the case be dismissed with prejudice. In light of appellant's non-compliance with the order of September 24th, the court dismissed the case with prejudice. On appeal, appellant raises three challenges; we find it unnecessary to address the substantive merits as the order appealed from is not a final appealable order.

The order appealed from is not the denial of appellant's request to discontinue as he claims, but instead is the order granting the University's motion to dismiss. In effect, the University requested the entry of a non-suit based on appellant's unreadiness to proceed to trial. See Rule 218, Pa.R.C.P. An order entering a non-suit is not appealable; instead the adversely affected party must seek to have the non-suit removed before an appeal may be taken. *Steiner v. Lurie*, 308 Pa. Superior Ct. 295, 454 A.2d 138 (1982); *Panepinto v. Dummy's Delightful Saloonery*, 304 Pa. Superior Ct. 256, 450 A.2d 668 (1982). As appellant failed to seek the removal of the dismissal before appealing, the appeal must be quashed.

Appeal quashed.