J-S79004-16

2016 PA Super 278

| | |
|---|---|
| PATRICIA J. MURPHY AND PATRICIA J. MURPHY AS ADMINISTRATOR FOR THE ESTATE OF EDWARD TURNER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE INTERNATIONAL DRUIDIC SOCIETY, JUDY ELLEN TAYLOR, STEVEN TURNER, ALLEN TURNER, RUSSELL TURNER, JAMIE TAYLOR AND MARLOW TAYLOR | |
| Appellees | No. 2233 EDA 2015 |

Appeal from the Order Entered June 3, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02989 November Term, 2012

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

OPINION BY GANTMAN, P.J.: **FILED DECEMBER 08, 2016**

Patricia J. Murphy, individually and as administrator for the Estate of Edward F. Turner (collectively "Appellant"), purports to appeal from the order of the Philadelphia County Court of Common Pleas, which entered a compulsory nonsuit during trial in her civil action against Appellees, the International Druidic Society ("IDS"), Judy Ellen Taylor, Steven Turner, Allen Turner, Russell Turner, Jamie Taylor and Marlow Taylor, for civil conspiracy, fraud, theft and conversion, racketeering, and unjust enrichment. We quash the appeal.

The relevant facts and procedural history of this case are as follows.

Decedent, Edward F. Turner, lived with his daughter, Judy Ellen Taylor in New Jersey since 2006, and appointed her his attorney in fact to handle his financial affairs, including his care expenses and distribution of gifts to his family while he was still living. Decedent died in New Jersey on March 3, 2010. Appellant tried and failed to compel the administration of Decedent's estate in Philadelphia Orphans' Court. The New Jersey Surrogate Court of Burlington County later appointed Appellant as administrator of Decedent's estate on July 29, 2011. Appellant subsequently obtained a judgment against Decedent's estate in the amount of $315,798.00 plus interest, based upon a promissory note from Decedent to Appellant, individually, to ensure payment of two certificates of deposit upon maturity.

Appellant initiated this action on November 29, 2012, against IDS, a Pennsylvania non-profit corporation that Decedent allegedly managed, directed and controlled. The other defendants in the case were the children and grandchild of Decedent. Appellant's 2012 civil action against Appellees charged them with looting and depleting Decedent's and IDS' liquid assets, beginning in 2007, without Decedent's consent. Appellant sought recovery of the funds she claimed were held in trust for her benefit by Decedent/IDS. The court scheduled a non-jury trial for June 1, 2015.

During Appellant's case-in-chief at trial, Appellant's counsel called Judy Ellen Taylor to the stand, elicited her direct testimony, and introduced several exhibits. During the questioning of Ms. Taylor, the court expressed

its doubt regarding the sufficiency of the evidence so far and frequently directed Appellant's counsel to present appropriate evidence, through suitable questions directed to Ms. Taylor, to prove Appellant's case. After trial had been in session for approximately an hour and a half, the court asked Appellant's counsel to summarize Appellant's case and explain how Appellant intended to prove it. Counsel offered that he intended to call the individual members of Decedent's family and prove Appellant's case by establishing that each person called to testify had received money from Decedent through checks signed by his daughter as attorney in fact. The court also asked counsel why Appellant had not filed the case in New Jersey. At this point, Appellees moved for a compulsory nonsuit, which the court granted against Appellant.

The compulsory nonsuit was officially entered as an order on the docket on June 3, 2015. Appellant filed no post-trial motions. Instead, on June 26, 2015, Appellant filed a notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issues in her appeal:

> DID THE TRIAL COURT COMMIT AN ERROR OF LAW OR A MANIFEST ABUSE OF DISCRETION IN GRANTING [APPELLEES'] MOTION FOR NON SUIT BEFORE [APPELLANT] HAD EVER FINISHED THE EXAMINATION OF THE FIRST LIABILITY WITNESS?
>
> WITHOUT WAIVING [APPELLANT'S] ISSUE I, WHICH [APPELLANT] CONTEND[S] IS THE DISPOSITIVE ISSUE ON

- 3 -

APPEAL, DID THE TRIAL COURT COMMIT A MANIFEST ABUSE OF DISCRETION BY TERMINATING THE TRIAL SHORTLY AFTER ITS INCEPTION, BY REFUSING TO ALLOW [APPELLANT] TO PROCEED IN PRESENTING DOCUMENTARY EVIDENCE AND CALLING WITNESSES IN SUPPORT OF [THE] CAUSES OF ACTION AND BY GRANTING [APPELLEES'] MOTION FOR NON SUIT?

(Appellant's Brief at 2-3).

As a prefatory matter, the "appealability of an order goes directly to the jurisdiction of the Court asked to review the order." **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007). "[T]he jurisdiction of the court in a matter before it may be raised at any time." **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa.Super. 2006) (quoting **Kessler v. Cardonick**, 323 A.2d 378, 379 (Pa.Super. 1974). This Court can raise the issue of jurisdiction *sua sponte*. **Forrester, supra** (citing **Tohan v. Owens-Corning Fiberglas Corp.**, 696 A.2d 1195, 1198 (Pa.Super. 1997), *appeal denied*, 553 Pa. 700, 718 A.2d 786 (1998)). "This Court does not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order." **Forrester, supra** (citing **Davis Supermarkets, Inc. v. United Food and Commercial Workers, Local 23**, 533 A.2d 1068 (Pa.Super. 1987)).

Pennsylvania Rule of Civil Procedure 230.1 provides as follows:

**Rule 230.1. Compulsory Nonsuit at Trial**

(a)(1) In an action involving only one plaintiff and one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has

failed to establish a right to relief.

(2)   The court in deciding the motion shall consider only evidence which was introduced by the plaintiff and any evidence favorable to the plaintiff introduced by the defendant prior to the close of the plaintiff's case.

*Note*: Subdivision (a) changes the prior practice whereby the entry of a compulsory nonsuit was precluded when any evidence had been presented by the defendant.

If a motion for compulsory nonsuit is granted, the plaintiff may file a written motion to remove the nonsuit. **See** Rule 227.1.

(b)   In an action involving more than one plaintiff, the court may not enter a compulsory nonsuit as to any plaintiff until the close of the case of all the plaintiffs.

(c)   In an action involving more than one defendant, the court may not enter a nonsuit of any plaintiff prior to the close of the case of all plaintiffs against all defendants. The nonsuit may be entered in favor of

(1)   all of the defendants, or

(2)   any of the defendants who have moved for nonsuit if all of the defendants stipulate on the record that no evidence will be presented that would establish liability of the defendant who has moved for the nonsuit.

*Note*: The term "defendants" includes additional defendants.

Pa.R.C.P. 230.1. Pennsylvania Rule of Civil Procedure 227.1 requires a party to file written post-trial motions within ten days after notice of a nonsuit. Pa.R.C.P. 227.1(c)(2).  The written post-trial motion must ask the court to remove the nonsuit.  Pa.R.C.P. 227.1(a)(3).

Historically, Pennsylvania law has held that the entry of compulsory

nonsuit is not the ruling that is immediately appealable; rather, the appeal lies from the trial court's denial of the motion to remove the compulsory nonsuit. *See Kukich v. Serbian Eastern Orthodox Church of Pittsburgh*, 415 Pa. 28, 28-29, 202 A.2d 77, 77 (1964); *Nazareth Foundry & Mach. Co. v. Marshall*, 257 Pa. 489, 493, 101 A. 848, 849 (1917); *Haverly v. Mercur*, 78 Pa. 257, 265-66 (1875); *Smith v. Grab*, 705 A.2d 894, 896 n.1 (Pa.Super. 1997), *appeal denied*, 567 Pa. 728, 786 A.2d 989 (2001). In other words, the adversely affected party has the right to appeal only after that party has filed a motion to remove the compulsory nonsuit, and the trial court has denied it. *Vucelich v. Trustees of University of Pennsylvania*, 481 A.2d 1193, 1194 (Pa.Super. 1984) (quashing appeal for appellant's failure to seek removal of compulsory nonsuit before filing appeal); *Conte v. Barnett's Bootery, Inc.*, 467 A.2d 391, 392 (Pa.Super. 1983) (stating right to appeal following order entering compulsory nonsuit "does not exist until a motion to have the nonsuit taken off is first filed with and denied by the trial court").

Pennsylvania law also makes clear that the entry of a compulsory nonsuit **before trial has even begun** is the functional equivalent of a pre-trial dispositive order such as one granting summary judgment or judgment on the pleadings. *Lewis v. United Hospitals, Inc.*, 547 Pa. 626, 631, 692 A.2d 1055, 1058 (1997) (holding trial court **cannot** enter compulsory nonsuit per Pa.R.C.P. 230.1 "prior to the commencement of trial before

plaintiff's presentation of evidence as to liability"; trial court erred in granting pre-trial motion for compulsory nonsuit; trial court should have treated motion as one for either summary judgment or judgment on the pleadings); ***Phillips v. Lock***, 86 A.3d 906, 912 (Pa.Super. 2014) (viewing entry of nonsuit during jury selection as equivalent of grant of summary judgment, and stating: "Where a court enters a nonsuit prior to trial, the action would be [considered] either a [grant of] summary judgment or judgment on the pleadings[,] not of non-suit"); ***Wujcik v. Yorktowne Dental Associates, Inc.***, 701 A.2d 581, 583-84 (Pa.Super. 1997) (holding entry of compulsory nonsuit following offer of proof at pre-trial conference was improper; trial court should have treated challenge to pre-trial offer of proof as either motion for summary judgment or for judgment on pleadings).

Where a trial court mistakenly enters a nonsuit as a pre-trial dispositive order, that order should be considered an order granting summary judgment or a judgment on the pleadings, and the party challenging entry of that order does not have to file a post-trial motion to remove the nonsuit before filing an appeal. ***See Lewis, supra*** (stating Superior Court erred in quashing appeal because appellants failed to file motion to remove pretrial nonsuit); ***DiGregorio v. Keystone Health Plan East***, 840 A.2d 361, 366 (Pa.Super. 2003) (holding appellants were not required to file post-trial motion prior to appeal, where trial court granted motion to dismiss in chambers on first day of trial, after jury was

empaneled, but before jury heard any evidence, because order granted either summary judgment or judgment on pleadings, not nonsuit); ***Gallagher v. Harleysville Mut. Ins. Co.***, 617 A.2d 790 (1992), *appeal denied*, 535 Pa. 620, 629 A.2d 1381 (1993) (stating entry of pre-trial nonsuit on plaintiffs' contract claim was error; what court did cannot be characterized as grant of nonsuit; timely post-trial motion to remove nonsuit was unnecessary). The mischaracterization of a pre-trial disposition as a compulsory nonsuit can also create a dilemma regarding the timeliness of an appeal. ***Rivera v. Home Depot***, 832 A.2d 487 (Pa.Super. 2003) (refusing to quash appeal as untimely, where trial court entered pre-trial compulsory nonsuit that should have been treated as summary judgment ruling; plaintiffs were misled by erroneous ruling, filed written motion to remove nonsuit, and filed appeal within thirty days of denial of their motion).

On the other hand, the entry of a compulsory nonsuit is proper if trial on the case has begun and the plaintiff has presented evidence. ***See*** Pa.R.C.P. 230.1; ***Rachlin v. Edmison***, 813 A.2d 862 (Pa.Super. 2002) (*en banc*). Likewise, the entry of a compulsory nonsuit pursuant to Rule 230.1 is appropriate, where the court considers the plaintiff's offer, in concise summary form, of evidence to be submitted at trial. ***Id.*** at 867-68 (holding entry of nonsuit during non-jury trial was appropriate after plaintiff presented proposed evidenced in summary fashion); ***Rivera, supra*** at 489-90 (explaining court can enter compulsory nonsuit in stipulated trial, where

- 8 -

plaintiff waives jury, provides summary of proposed evidence, and all participants stipulate to anticipated testimony); *Liles v. Balmer*, 653 A.2d 1237 (Pa.Super. 1994), *appeal denied*, 541 Pa. 640, 663 A.2d 692 (1995) (treating nonsuit as appropriately entered, where court entered nonsuit during trial after court requested offer of proof and in response, plaintiff indicated prior evidentiary ruling precluded her from proceeding further).  In these scenarios, the plaintiff must file a written motion to remove the nonsuit, and the court must deny the motion, before the plaintiff can appeal. *See Vucelich, supra*; *Conte, supra*.

Instantly, the trial court entered a compulsory nonsuit against Appellant after Appellant had elicited testimony from her witness and introduced several exhibits into the record.  After the court found the evidence Appellant had presented thus far at trial was insufficient, the court requested and Appellant provided a summary of her proposed evidence. Following the offer of proof, Appellees moved for a compulsory nonsuit, and the court entered a compulsory nonsuit against Appellant.  The court summarized the exchange at trial as follows:

> **THE COURT**: The [c]ourt allowed the witness to step down and asked [Appellant] to present to it proof that [s]he intends to present to the [c]ourt in order to establish h[er] claim as set forth in the complaint filed in this matter.  [Appellant] did.
>
> At the conclusion the [c]ourt asked [Appellees] if they had a motion.  They had a motion for nonsuit which the [c]ourt granted.

\* \* \*

[Appellant] for an hour and a half put evidence on that this [c]ourt felt was [not] relevant to the issue at hand.

[Appellant], then in summarizing h[er] evidence, this [c]ourt found that…as to these individuals [s]he did not have sufficient information to show that there was a dissipation of assets of the estate.

\* \* \*

This [c]ourt finds that [Appellant] taking the evidence that [s]he claimed [s]he would have presented could not present that case.

Further, [Appellant] claims that part of the funds were used by that [Appellee], IDS. [Appellant] has failed to establish that the estate is authorized to act on behalf of IDS.

[Appellant] has not presented any [c]ourt [o]rder directing that [s]he was allowed or the estate is authorized to act on behalf of IDS….

Without that authority to show that they have the ability to—that [Appellant] ha[s] the right to proceed on behalf of IDS as to those assets, this [c]ourt finds that [Appellant] would be unable to prove [her] case and, therefore, grant[s] a judgment of nonsuit.

(N.T. Trial, 6/1/15, at 80-83).[1]

Here, the court entered a compulsory nonsuit against Appellant under circumstances comparable to those cases where the entry of the nonsuit was deemed procedurally correct. **See Rachlin, supra**. Before the court

_____

[1] The record indicates the trial court even questioned its own jurisdiction to hear the case. (**See** N.T. Trial, 6/1/15, at 82.)

- 10 -

entered the compulsory nonsuit, trial had begun, Appellant had presented evidence, and the court had considered Appellant's offer of proof. When it decided Appellees' motion, the court fittingly entered a compulsory nonsuit. *See id.*; *Rivera, supra*.

Following trial, Appellant failed to file a post-trial motion to remove the nonsuit. *See* Pa.R.C.P. 227.1. Instead, Appellant purported to file a notice of appeal from the order entering the compulsory nonsuit, which is not an appealable order. *See Smith, supra*; *Rivera, supra*. Therefore, we lack jurisdiction to consider Appellant's issues on the merits. *See Vucelich, supra*. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016