J-A10020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2610 EDA 2018 |
| JANICE CARRINGTON | : | |

Appeal from the Order Entered August 7, 2018
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2017-02649-RC

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 05, 2019**

Third Federal Savings and Loan of Cleveland (Third Federal) appeals from the order entered on August 7, 2018, in the Court of Common Pleas of Chester County, granting nonsuit in favor of Defendant/Appellee, Janice Cunningham.  Because Third Federal filed its appeal prior to the resolution of its Motion to Remove Nonsuit, this represents an impermissible appeal from an interlocutory order.  Therefore, we have no jurisdiction to address the merits of this appeal and we are required to quash the appeal and remand the matter for resolution of the previously filed post-trial motion.

Briefly, after several continuances, the trial court scheduled this matter for trial on July 11, 2018.  On the eve of trial, Third Federal attempted to file a praecipe to voluntarily discontinue the matter without prejudice.  However, the filing was rejected and the trial court determined that a party can only

voluntarily discontinue a matter with prejudice. The trial court then denied Third Federal's motion for continuance, which had been offered in open court. The trial court then called the case to trial and when Third Federal was unable to present any evidence, the trial court granted Carrington's motion for nonsuit. Although the motion was granted on the record on July 11, 2018, the written order granting nonsuit was not filed until August 7, 2018. Third Federal filed a timely post-trial motion to remove the nonsuit on August 17, 2018. However, pursuant to *Bostick v. Schall's Breaks and Repairs, Inc.*, 725 A.2d 1232 (Pa. Super. 1999),[1] and believing that what had transpired in court did not qualify as a trial, Third Federal determined the post-trial motion was unnecessary and filed its direct appeal on September 6, 2018.

The note to Pa.R.C.P. 218, regarding, in relevant part, the grant of a nonsuit when a case is called to trial and the plaintiff is not ready to proceed, explains

A nonsuit is subject to the filing of a motion under Rule 227.1(a)(3) for post trial relief to remove the nonsuit[.]

Pa.R.C.P. 218, Note.[2] Indeed, the general rule regarding an appeal from a nonsuit is:

Historically, Pennsylvania law has held that the entry of compulsory nonsuit is not the ruling that is immediately

---

[1] We will briefly discuss *Bostick* later in this decision.

[2] *See also* Pa.R.C.P. 230.1(a), Note, regarding the grant of nonsuit at trial and the filing of a motion to remove nonsuit pursuant to Rule 227.1.

appealable, rather, the appeal lies from the trial court's denial of the motion to remove the compulsory nonsuit.

***Murphy v. International Druidic Society***, 152 A.3d 286, 289-90 (Pa. Super. 2016).[3]

However, in ***Bostic***, a panel of our Court determined the circumstances surrounding the grant of nonsuit, where a party did not appear, was more akin to a pre-trial grant of summary judgment. Therefore, appellants were not required to have filed a post-trial motion seeking to remove the nonsuit. ***Bostic*** does not relate the precise circumstances of the matter at the time nonsuit was granted. Because Rules 218 and 230.1(a) both specifically direct the reader to file a post-trial motion to obtain relief from the entry of a nonsuit, we must reject Third Federal's position that no post-trial motion was required herein.

While Third Federal did file a post-trial motion seeking relief from the nonsuit, that motion was never resolved due to the premature filing of the instant appeal. Because an appeal is properly taken from the denial of the post-trial motion to remove the non-suit, and no such order exists, this appeal is an impermissible interlocutory appeal and must be quashed. Upon remand, the trial court shall rule upon Third Federal's motion for post-trial relief.

---

[3] Also,

> An appeal does not lie from the entry of a judgment of nonsuit, but rather from the refusal to take it off, and this rule applies to actions in both law and equity. Accordingly, this appeal must be quashed.

***Steiner v. Lurie***, 452 A.2d 138 (Pa. Super. 1982) (citation omitted).

Appeal quashed.  Matter remanded to the trial court for action consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19