J-A08031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN SHOCKLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANH NGUYEN AND THAO VU | : | No. 2853 EDA 2018 |

Appeal from the Order Entered August 22, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2016, No. 00124

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED APRIL 24, 2020**

Karen Shockley (Appellant) appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas, effectively granting summary judgment[1] in favor of Lahn Nguyen and Thao Vu (collectively Appellees). Appellant raises a myriad of issues on appeal challenging the trial court's grant of summary judgment on the day of trial.  For the reasons below, we reverse and remand for further proceedings.

The underlying civil action stems from a motor vehicle accident that occurred on November 20, 2014.  Appellant was driving her Saturn Vue on Monument Road near the intersection of Ford Road in Philadelphia, when she

---

[1] As we will explain **infra**, the trial court purported to grant a compulsory non-suit, but did so improperly, before Appellant presented her case-in-chief. **See** N.T., 8/20/18, 46-47; Docket Entry, 8/22/18.

was struck from behind by a Ford F150 truck operated by Appellee Nguyen, and owned by Appellee Vu. Appellant's Complaint, 11/7/16, at ¶¶ 4-7. Appellant alleges that as a result of the accident she sustained "severe and permanent" soft tissue injuries.[2] *Id.* at ¶¶ 17, 27.

The tortured procedural history underlying this appeal began on November 7, 2016, when Appellant, represented by counsel, filed a two-count negligence complaint against Appellees seeking both economic and non-economic damages she incurred as a result of injuries sustained in the accident.[3] The case proceeded to an arbitration hearing. On August 30, 2017, a panel of arbitrators returned an award in favor of Appellant and against Appellee Nguyen in the amount of $2,610.16. Report & Award of Arbitrators, 8/30/17, at 1. The panel, however, found in favor of Appellee Vu on Appellant's negligent entrustment count. On September 18, 2017, Appellant filed a *pro se* appeal from the arbitration award. That same day, she also filed a petition to proceed *in forma pauperis* (IFP).

On September 20, 2017, prior to addressing Appellant's IFP request, the trial court issued a case management order directing, *inter alia*, that all

---

[2] In her complaint, Appellant listed her "known" injuries as follows: "cervical sprain and strain, trapezius sprain and strain, thoracic sprain and strain, lumbar sprain and strain, post-traumatic cephalgia, left hips sprain and strain, [and] bilateral wrist sprain and strain[.]" Appellant's Complaint at ¶¶ 11, 21.

[3] The first count alleged Appellee Nguyen negligently operated the vehicle, and the second count alleged Appellee Vu negligently entrusted his vehicle to Nguyen. Appellant's Complaint at ¶¶ 10, 20.

discovery shall be completed by December 4, 2017. Civil Docket, 9/20/17, Case Management Order. The order explicitly stated that Appellant's "expert report (if applicable), including any supplemental report, is to be served on opposing counsel . . . on or before" December 4, 2017. *Id.* The next day, the court denied Appellant's IFP petition without prejudice because she was still represented by counsel. *See* Order, 9/21/17.[4]

Thereafter, on September 28, 2017, Appellant's counsel filed a motion to withdraw, which the trial court granted on November 14, 2017. Appellant then refiled her motion to proceed IFP. On November 30, 2017, the trial court denied the motion, finding Appellant "failed to demonstrate a lack of financial resources to pay the costs of litigation." Order, 11/30/17. On December 15, 2017, Appellant filed a motion for reconsideration of the court's November 30th order, which the court granted. On December 19, 2017, the trial court entered an order vacating its November 30th order, and permitting Appellant to proceed IFP. Order, 12/19/17. Appellant did not comply with the court's discovery order.

On December 22, 2017, Appellees filed a motion for summary judgment with regard to Appellant's non-economic damages. Appellees argued that, at the time of the accident, Appellant was insured under a limited tort policy, and the injuries she sustained in the November 2014 accident did not meet the

---

[4] The order was docketed on September 22, 2017.

threshold of "a personal injury resulting in . . . serious impairment of body function."[5]   Appellees' Motion for Summary Judgment, 12/22/17, at 3 (unpaginated).  Furthermore, they asserted that in January of 2015, less than two months after the accident at issue, Appellant was involved in another motor vehicle accident that aggravated the injuries she sustained in the first accident.  *Id.* at 2,4; Exhibit F, Physician's Report, 1/28/15, at 4 (noting "[a]ll [Appellant's] symptoms were improving prior to the new . . . accident" and her "previous complaints were . . . aggravated by the new accident").  The trial court granted the motion on January 24, 2018, and dismissed, with prejudice, Appellant's claim for non-economic damages.  *See* Order, 1/24/18.

Appellant, now proceeding *pro se*, filed a timely motion for reconsideration on February 2, 2018, claiming she never received Appellee's summary judgment motion.[6]  The trial court denied the motion on February 28, 2018, and Appellant filed an appeal from that order.  *See* Docket No. 770 EDA 2018.  On April 27, 2018, this Court quashed the appeal, finding:  (1) the

---

[5] Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) requires an automobile insurer to provide its insureds with the option of choosing full tort or limited tort insurance coverage.  75 Pa.C.S. § 1705(a)(1).  Under the limited tort option, a driver involved in a motor vehicle accident is "eligible to seek compensation for economic loss," but is "precluded from maintaining an action for any noneconomic loss" unless the insured suffers a "serious injury" as defined in the Law.  75 Pa.C.S. § 1705(d).  The MVFRL defines a "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement."  75 Pa.C.S. § 1702.

[6] We note the certificate of service attached to Appellees' motion is undated.

order denying reconsideration was not appealable, and any appeal from the order granting summary judgment was untimely; and (2) the order granting partial summary judgment was, in any event, interlocutory because it did not dispose of all claims.[7]  Docket No. 770 EDA 2018, Order, 4/27/18.

On June 1, 2018, Appellant filed a motion for extraordinary relief in the trial court, alleging, once again, that she did not receive the summary judgment motion, and asserting a discrepancy regarding the insurance policy covering Appellees' truck.  Appellant's Motion for Extraordinary Relief, 6/1/18.  Thereafter, on June 6, 2018, Appellant filed a motion to set aside or open the judgment with respect to her non-economic claims.  *See* Appellant's Motion to Set Aside Judgment/Open Judgment, 6/6/18.  The trial court denied both motions in separate orders entered on June 8, 2018.  Appellant appealed the order denying her motion for extraordinary relief to this Court, which, once again, quashed the appeal as interlocutory.  Docket No. 1903 EDA 2018, Order, 8/14/18.  On August 1, 2018, she filed a motion for reconsideration of the trial court's order denying her petition to set aside or open the judgment, which the court denied on August 3, 2018.

On August 20, 2018, the parties appeared before the Honorable Sean F. Kennedy for a jury trial limited to Appellant's economic losses.  Prior to picking

_____

[7] Appellant filed an untimely motion for reconsideration of this Court's order, which we denied on June 22, 2018.  Docket No. 770 EDA 2018, Order, 6/22/18.

a jury, however, the court considered several motions in *limine* filed by Appellees, addressing, *inter alia*, Appellant's failure to provide any discovery other than that provided by her attorney prior to arbitration.[8]  N.T., 8/20/18, at 6-8.  At that time, the court learned Appellant was not prepared to present testimony from any doctor, either live or by videotaped deposition, who could opine that her treatment was "reasonable and necessary and related to the injuries" from the November 2014 accident.  ***Id.*** at 21.  Despite Appellant's failure to comply with the discovery order, the trial court permitted Appellant to call her treating physician to see if she could appear to testify on Appellant's behalf.  However, Appellant learned the doctor was "out of the office" and would not return for several days.  ***Id.*** at 38-39.  Therefore, Appellees' counsel presented an oral motion for *non pros* "based on the representation that

---

[8] Relevant to this appeal, the trial court also considered Appellees' motions in *limine* seeking:  (a) to preclude evidence of Appellant's wage loss because she did not produce any "documentation or evidence, including expert reports and/or tax returns, that the incident in question caused [her] to lose wages;" (b) to preclude evidence of any unpaid medical expenses, because Appellant failed to provide proof her first party insurance benefits were exhausted; and (c) to preclude evidence supporting an award of punitive damages because she alleged only ordinary negligence in her complaint.  Appellees' Motion in *Limine* to Preclude Wage Loss, 5/30/18, at ¶ 18; Appellees' Motion in *Limine* to Preclude Any and All Evidence and/or Testimony Pertaining to Any Paid or Unpaid Medical Expenses Incurred as a Result of the 11/20/14 Motor Vehicle Accident, 6/5/18, at ¶¶ 4-7; Appellees' Motion in *Limine* Regarding Punitive Damages, 6/6/18, at ¶ 3.

there's no medical expert to prove causation in this case." *Id.* at 41. The trial court granted the motion, explaining to Appellant:

> Why we can't proceed forth today is because you weren't prepared to provide the medical testimony or have an agreement with counsel to be able to someway get that medical testimony in before us and with that, you can't prove your claim . . . .

*Id.* at 43-44. The court further noted the motion was "basically a motion for summary judgment, I think that's how the appellate courts look at it." *Id.* at 46. Appellant filed this timely appeal, and complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.[9]

> Appellant frames her issues on appeal as follows:
>
> Was [the trial court] in abuse of discretion and/or in error of law when case was disposed before decision as a compulsory non-suit pursuant to Rule 230.1(c) when Appellant had substantial evidence and did not want her case thrown out?
>
> [Was the trial court] in abuse of discretion and/or in error of law when the trial court docket indicated that Appellant failed to file a timely post trial motion within 10 days pursuant to [Pa.R.C.P.] 227.1(g)?
>
> Was [the trial court] in abuse of discretion and/or in error of law [in] granting the motion for summary judgment when Appellant had substantial evidence withheld by opposing party . . . ?
>
> Once the [trial court] stated to Appellant the appeal would be one of summary judgement (sic) does the common pleas court civil trial division have jurisdiction over actions at law and equity along

_____

[9] We note Appellant's Rule 1925(b) statement was single-spaced, spanned three and one-half pages, and raised 17 allegations of error. *See* Appellant's Statement of Matters Complained of on Appeal, 11/15/18, at 1-4 (unpaginated).

with appeals from civil action claims involving amounts in excess of $10[,]000 . . . ?

Appellant's Brief at 4.

Preliminarily, we note the argument section of Appellant's *pro se* brief does not conform with the Pennsylvania Rules of Appellate Procedure. Rule 2119 requires the argument "be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Appellant's argument section, however, is a rambling recitation of numerous perceived allegations of error, some of which were not included in her statement of questions. **See** Appellant's Brief at 5-19. Moreover, she co-mingles the issues she wishes to raise on appeal with detailed summaries of the facts and procedural history underlying her case.

We remind Appellant,

[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) (citations omitted). Nevertheless, we will address the issues we can discern from Appellant's argument. **See In re J.F.**, 27 A.3d 1017, 1019-20 (Pa. Super. 2011) (declining to quash *pro se* brief that "failed to substantially comply with

the Rules of Appellate Procedure" because appellate court was "able to discern the issues raised . . . on appeal").

First, Appellant contends the trial court erred when it granted Appellees' motion for a compulsory nonsuit before Appellant was permitted to present her case-in-chief. Appellant's Brief at 5. She insists she "was not allowed to show she had an established right to relief [and she] did not want the case closed or thrown out." *Id.* at 6. Because the court essentially granted a motion for summary judgment, Appellant also maintains she was not required to file post-trial motions to preserve her claims for appeal.[10] *Id.* at 17.

In its opinion, the trial court concedes it "mistakenly entered nonsuit as a pre-trial dispositive order." Trial Ct. Op., 8/1/19, at 7. However, the court insists we can review the ruling as a final order granting summary judgment. *Id.* We agree.

Pursuant to Pennsylvania Rule of Civil Procedure 230.1, "[i]n an action involving more than one defendant, the court may not enter a nonsuit of any plaintiff prior to the close of the case of all plaintiffs against all defendants." Pa.R.C.P. 230.1(c). However, our Supreme Court has held, when a trial court enters a nonsuit "**before trial has even begun**[, it] is the functional

---

[10] We note that the same day she filed a notice of appeal in this case, Appellant filed a motion for the trial court to reconsider its order. *See* Appellant's Motion for Reconsideration, 9/19/18. The trial court entered an order denying the motion on October 10, 2018, when it no longer had jurisdiction, and stated, Pa.R.C.P. 227.1(c)(2) "requires post-trial motions to be filed within ten days after notice of nonsuit." Order, 10/10/18. *See* Pa.R.A.P. 1701(a) (after appeal is filed, trial court "may no longer proceed further in the matter").

equivalent of a pretrial dispositive order such as one granting summary judgment or judgment on the pleadings." ***Murphy v. International Druidic Society***, 152 A.3d 286, 290 (Pa. 2016). In such a case, "the party challenging entry of that order does not have to file a post-trial motion to remove the nonsuit before filing an appeal." ***Id.*** Therefore, we agree with Appellant (and the trial court) that the order on appeal may be considered an order granting summary judgment for Appellees, and Appellant preserved her claims simply by filing a timely notice of appeal. Consequently, we proceed to an examination of the issues raised on appeal.

Our review of an order granting summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. [Pa.R.C.P. 1035.2(1).] Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. "**Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.**" [Pa.R.C.P. 1035.2(2).] Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Davis v. Wright***, 156 A.3d 1261, 1266 (Pa. Super. 2017) (some citations omitted and emphasis added). ***See also*** Pa.R.C.P. 1035.2(2) (party may move for summary judgment when, after discovery is complete, "including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action . . . which . . . would require the issues to be submitted to a jury").

Here, the trial court granted summary judgment in favor of Appellees because, on the date of trial, Appellant "was unable to adduce sufficient evidence to prove each element of her negligence claims against [Appellees]." Trial Ct. Op. at 10. The court focused on the fact that Appellant sought recovery for lingering injuries from the November 20, 2014, accident when she was involved in a second car accident only two months later. Thus, the court opined:

> [I]t became imperative—and required—that [Appellant] prove, through the testimony of an expert medical witness, that the injuries from which she now suffered resulted from the November 2014 collision with [Appellees], and not the second motor vehicle accident in January 2015. This was not done.
>
> [Appellant] did not properly comply with the discovery order issued in September 2017, failed to forward [Appellees] any medical records, and, most glaringly, did not secure a doctor as an expert witness to testify to causation at trial.

***Id.*** at 11.

We conclude, however, the court's focus on Appellant's lack of expert medical testimony was misplaced. At the time of trial, Appellant was precluded from seeking damages for her pain and suffering pursuant to the

- 11 -

January 24, 2018, order granting summary judgment to Appellees on Appellant's claim for non-economic damages. Therefore, the only claims for which she could recover at trial were unpaid medical bills and wage loss.

Although both Appellees and the trial court were frustrated by Appellant's failure to comply with the discovery order, Appellees concede **some** discovery was provided by Appellant's prior counsel, including a ledger showing Appellant had not exhausted her first party medical insurance benefits as of March 2015, and a wage loss verification for the period from November 21, 2014, through January 13, 2015. **See** N.T., 8/20/18, at 8-9, 25.

Here, liability was not disputed; Appellee Nguyen struck Appellant's car from behind. **See** N.T., 6/11/18, at 4-5. Appellant was not required to produce a **medical expert** to testify regarding her economic losses, *i.e.*, unpaid bills or lost wages, as a result of the accident. **See Robinson v. Upole**, 750 A.2d 339, 343 (Pa. Super. 2000) (no witness "apart from the plaintiff" is require to testify to extent of lost wages). Appellant, herself, is competent to testify that she had unpaid medical bills and missed time at work. The credibility of her testimony will be a question for the finder of fact. Accordingly, we conclude the trial court erred in granting summary judgment to Appellees.

Nevertheless, we note Appellant's ability to **prove** her economic damages at trial, particularly with respect to any unpaid medical bills, may be negatively impacted by her failure to comply with the court's discovery order.

Indeed, upon remand, the trial court may limit the evidence Appellant is permitted to introduce at trial to those records provided by Appellant's former counsel **prior** to the discovery deadline. Although Appellant insisted she provided "discovery" to Appellees by attaching various documents to her answers to Appellees' motions in *limine*,[11] it is within the trial court's discretion to determine whether those responses were timely and sufficient. ***See Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d 916, 922 (Pa. Super. 2011) ("[O]n review of an order concerning discovery, an appellate court applies an abuse of discretion standard.").

Although we agree with Appellant's primary contention that the trial court erred in granting summary judgment on her economic claims, we will briefly address the remaining issues we can discern from Appellant's brief.

Appellant insists Appellees and their attorney "willfully and deliberately committed fraud" by withholding relevant information from the trial court. Appellant's Brief at 14. Specifically, Appellant avers: (a) the truck that hit her had an "expired license plate" and was "illegally on the road[;]" (b) Appellees "falsified the documents" to show the truck involved in the accident was insured; and (c) the driver of the truck was someone other than Appellee Nguyen. ***Id.*** at 6, 7, 10.

In addressing this claim, the trial court credited Appellees' counsel's on-the-record statement at a June 11, 2018, status hearing that "all

---

[11] N.T., 8/20/18, at 13-14.

discoverable documents" in counsel's possession were provided to Appellant's prior attorney, who, in turn, signed an affidavit stating he turned over those documents to Appellant. Trial Ct. Op. at 18; N.T., 6/11/18, at 7-8. In any event, at the conclusion of that hearing, the court directed Appellees to provide Appellant with a second copy of the discovery. *See* N.T., 6/11/18, at 11-12. Furthermore, with regard to Appellant's accusation that Appellees switched the license plate on the truck and lied about the identity of the driver, the court explained that none of that information was relevant to "the nature and extent of [Appellant's economic] damages." *See* N.T., 8/20/18, at 17. Indeed, Appellees conceded liability. Thus, as the trial court explained:

> The issue of who was driving the car at the time of the accident, to me, just muddies the waters and it's of no relevance to me because at the end of the day, I'm still just making an evaluation of how much wages [Appellant] lost or how many excess [medical] bills I allow in. . . . I don't need to hear testimony on license plates or who was driving the car, since insurance coverage is being provided[.]

*Id.* at 18. Therefore, Appellant is entitled to no relief on this issue.

Appellant also argues she is entitled to punitive damages as a result of Appellees' "malicious, premeditated, intentional, unjustified, egregious and outrageous" actions.[12] Appellant's Brief at 15. Moreover, she insists Appellees

_____

[12] As noted **supra**, Appellees filed a motion in *limine* seeking to preclude Appellant from presenting any evidence or testimony regarding punitive damages. Appellees' Motion in *Limine* Regarding Punitive Damages, 6/6/18. The trial court specifically granted the motion in *limine* before entering summary judgment. N.T., 8/20/18, at 14. Despite Appellant's inartful argument, we will consider her claim to be a challenge to the trial court's order

are liable to her for the tort of intentional infliction of emotional distress. ***Id.*** at 16.

Preliminarily, we note that neither of these claims are listed in Statement of the Issues section of Appellant's brief. For that reason alone, we could consider them waived. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.***, 926 A.2d 977, 983 n.5 (Pa. Super. 2007) (issue not "explicitly raised" in appellant's statement of questions involved is waived). However, because Appellant did raise a punitive damages argument in her Pa.R.A.P. 1925(b) statement, and the trial court addressed the claim in its opinion, we decline to find that issue waived.[13]

A finder of fact may award punitive damages when "the plaintiff has established that the defendant 'acted in an outrageous fashion' due to either an evil motive or in 'reckless indifference to the rights of others.'" ***Scampone v. Grane Healthcare Co.***, 11 A.3d 967, 991 (Pa. Super. 2010), *aff'd in part*

---

granting Appellees' motion in *limine*, and review the court's order for an abuse of discretion. ***See Parr v. Ford Motor Co.***, 109 A.3d 682, 690 (Pa. Super. 2014) (appellate court reviews trial court's grant or denial of motion in *limine* for abuse of discretion).

[13] As for Appellant's argument concerning the tort of intentional infliction of emotional distress, our review of the record reveals Appellant did not raise such a claim in her complaint or at any time before the trial court. Therefore, this issue is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

*on other grounds*, 57 A.3d 582 (Pa. 2012). ***See Johnson v. Hyundai Motor America***, 698 A.2d 631, 639 (Pa. Super. 1997) ("[U]nder the law of this Commonwealth, a court may award punitive damages only if an actor's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others."). Furthermore, because Pennsylvania is a fact pleading state, a plaintiff seeking punitive damages must include sufficient facts in her complaint which indicate the defendant's conduct was outrageous. ***Smith v. Brown***, 423 A.2d 743, 745-46 (Pa. Super. 1980).

Here, the trial court found Appellant "did not plead the specific facts necessary to demonstrate outrageous or willful conduct that would ordinarily accompany punitive damages." Trial Ct. Op. at 23. Indeed, the court emphasized that, in her complaint, Appellant alleged only that Appellees "acted with 'negligence' or 'carelessness.'" ***Id.*** We agree. Appellant's complaint sets forth no facts describing outrageous conduct which, if proven, would warrant an award of punitive damages. Accordingly, we detect no abuse of discretion on the part of the trial court in granting Appellees' motion in *limine* precluding evidence of punitive damages.

Because we conclude the trial court erred when it granted summary judgment to Appellees, we reverse the order on appeal, and remand for further proceedings.

Order reversed. Jurisdiction relinquished.

J-A08031-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/20