J-A21009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| B.T. MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| 7065-A WILLIAM PENN HIGHWAY, LLC | : | No. 1948 EDA 2020 |

Appeal from the Order Entered September 22, 2020,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s): CV-48-2014-3772.

BEFORE: KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED JANUARY 4, 2022**

In this dispute over the sale of commercial realty, B.T. Management, LLC appeals from the order entering a nonsuit against it. Because that order is not a final judgment, we lack jurisdiction and quash this appeal.

B.T. filed a multi-count complaint against 7065-A William Penn Highway, Inc. ("Owner") alleging that Owner reneged on various written contracts to sell B.T. three plots of land. After discovery, the trial court entered two orders granting partial summary judgment to Owner on some of B.T.'s claims. One contract remained in dispute, and the trial court scheduled a jury trial for September 21, 2020.

On that day, Dr. Thaler, the lead principal of B.T., failed to appear. Dr. Thaler's attorney said his client would appear for trial the following day, and the court empaneled a jury without him. The next morning, however,

---

* Former Justice specially assigned to the Superior Court.

Dr. Thaler still did not appear. Upon a motion from Owner, the trial court entered an order dismissing the case.

The following day, September 23, 2020, Owner praeciped for entry of judgment against B.T. On October 21, 2020, B.T. appealed to this Court. For the reasons that follow, we quash this appeal as premature.

Whether an appellant has filed a timely appeal implicates the subject-matter jurisdiction of this Court. *See, e.g., Sass v. Amtrust Bank,* 74 A.3d 1054, 1063 (Pa. Super. 2013). Thus, we may inquire into the timeliness of an appeal *sua sponte*. *See Murphy v. International Druidic Society,* 152 A.3d 286, 289 (Pa. Super. 2015). This issue presents "a pure question of law, as such, our standard of review is *de novo,* and our scope of review is plenary." *Johnson v. Johnson*, 864 A.2d 1224, 1228 (Pa. Super. 2004).

As mentioned above, the trial court granted Owner's motion to dismiss the case when Dr. Thaler, on behalf of B.T., did not appear for the jury trial. The trial court erroneously styled its order as a grant of a directed verdict. Under Pa.R.C.P. 218, such an order is actually a grant of a nonsuit, which is explicitly subject to post-trial-motion practice.

"Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a **nonsuit** on motion of the defendant . . . ." Pa.R.C.P. 218(a) (emphasis added). The "nonsuit is subject to the filing of a motion under Rule 227.1(a)(3) for post-trial relief to remove the nonsuit . . . ." Pa.R.C.P. 218(c) *Note*.

Under Rule 227.1(a)(3), B.T. had ten days (*i.e.*, until October 2, 2020) in which to seek such post-trial relief. In fact, B.T. had to seek post-trial relief to preserve its issues for appellate review and to develop a record to prove whether Dr. Thaler's absence on the day of trial was justified. ***See*** 10 STANDARD PA. PRACTICE 2d § 61:3 at 187-89; ***see also*** Pa.R.C.P. 218(c) *Explanatory Comment – 1993* (stating, the party facing nonsuit for failure to appear "may present the excuse through a motion to remove the nonsuit . . . [this] will result in a record, which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion.").

Here, Owner did not give B.T. ten days to seek post-trial relief and develop a record potentially justifying Dr. Thaler's absence on September 22, 2020. Instead, Owner filed a snap praecipe for judgment the very next day, on September 23, 2020, *i.e.*, well before the time for seeking a new trial had expired. "The judgment, having been entered before the time for filing a new trial motion had expired, is void and of no legal effect." ***Moore v. Quigley***, 168 A.2d 334, 336 (Pa. 1961). "A void judgment is no judgment at all." ***M & P Mgmt., L.P. v. Williams***, 937 A.2d 398, 401 (Pa. 2007).

Because there is no lawful judgment entered from which B.T. could file an appeal, this appeal is premature. We lack jurisdiction to decide the case at this time.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022